STAKE et al., Appellees,

v.

SECO ELECTRIC COMPANY et al., Appellants.

CONKLE et al., Appellees,

v.

DELTA ELECTRIC CORPORATION et al., Appellants.

[Cite as *Stake v. Seco Elec. Co.* (1991), 73 Ohio App.3d 371.]

Court of Appeals of Ohio,
Richland County.

Nos. CA–2872 and CA–2871.

Decided Dec. 11, 1991.

372

*Rolland E. Laughbaum,* for appellees.

*McNamara & McNamara, John J. Petro* and *Susan S. Petro,* for appellants.

---

GWIN, Judge.

In December 1982, defendant, Seco Electric Company ("Seco"), as contractor, and Mansfield General Hospital, as owner, entered into a written contract for the construction and improvement of the hospital building located at 335 Glessner Avenue, Mansfield. This contract required Seco to furnish a Performance Bond and a Labor and Material Payment Bond. On January 20, 1983, Seco, as principal, and defendant-appellant, Fidelity and Deposit Company of Maryland ("Fidelity"), executed a Performance Bond and a Labor and Material Payment Bond. The Performance Bond guaranteed Mansfield General Hospital that Seco would perform the construction contract. The Labor and Material Bond guaranteed the hospital, as owner, that Seco, as principal, would pay claimants for labor performed and material furnished to Seco or one of Seco's subcontractors in the performance of the construction contracts.

A "claimant" was defined in the Labor and Material Payment Bond as:

"One having a direct contract with the Principal [Seco] or with a subcontractor of the principal [Seco] for labor, material, or both, used or reasonably required for use in the performance of the contract. * * * *"

Both bonds were delivered to and accepted by Mansfield General Hospital. However, on July 9, 1984, the hospital declared Seco to be in default of the

construction contract. The hospital in turn demanded Fidelity to perform its obligations under the terms of the Performance Bond. Fidelity therefore arranged with defendant Delta Electric Company ("Delta") to complete the performance of the construction contract. Delta however did not furnish a Performance Bond or a Labor and Material Payment Bond. The construction contract was completed by Delta.

On April 6, 1990, plaintiffs, Kerr C. Conkle, Jr., Paul McLaughlin, Myron Shenefield, Anthony Barclay, Charles Schluter, II, Michael Zeiter, and Tommy Hunt ("plaintiffs"), filed a complaint against Delta and Fidelity, case No. 90–257–C, alleging each plaintiff was an employee of Delta during the period of October 30, 1983 to August 4, 1985, in the Mansfield General Hospital Construction project. Each plaintiff sought to recover specified wages and interest from Delta and Fidelity, as surety, in the aforementioned Labor and Material Payment Bond, jointly and severally. Upon motion for summary judgment, the Richland County Court of Common Pleas found that Fidelity, by selecting Delta as a substitute contractor for Seco, undertook to guarantee payment of the plaintiffs' specified wages and interest. The court entered judgment accordingly. Fidelity perfected an appeal from that judgment and was assigned case No. CA–2871.

Also on April 6, 1990, plaintiffs Larry Stake and Kerr Conkle, Sr. ("Stake and Conkle"), filed a complaint against Seco and Fidelity, case No. 90–258–H, alleging they were employees of Seco during the period of October 30, 1983 to July 1, 1984, in the Mansfield General Hospital Construction project. Both Stake and Conkle sought to recover from Seco and Fidelity, as surety in the above Labor and Material Payment Bond, specified unpaid wages and interest, jointly and severally. Upon motions for summary judgment, the Richland County Court of Common Pleas found Fidelity liable to Stake and Conkle for the specified wages and interest, and entered judgment accordingly. Fidelity perfected an appeal from that judgment and was assigned case No. CA–2872.

Pursuant to App.R. 3(B), we hereby consolidate these appeals for purposes of this opinion.

Fidelity assigns the following as error:

### Assignment of Error No. I

"The common pleas court erred in granting plaintiffs' motion for summary judgment because affidavits attached to the motion for summary judgment and the memorandum in opposition demonstrated the existence of issues of fact that could not be resolved as a matter of law."

### Assignment of Error No. II

"The common pleas court erred in granting plaintiffs' motion for summary judgment because plaintiffs lacked standing to bring an action on the performance bond."

### Assignment of Error No. III

"The common pleas court erred in granting plaintiffs' motion for summary judgment because plaintiffs had no enforceable rights under the labor and materials payment bond."

We begin by addressing Fidelity's second assignment of error which asserts that summary judgment was inappropriate because the plaintiffs in each case lacked standing to bring an action under the aforementioned Performance Bond.

The records in these cases reflect that the plaintiffs brought their actions under the Labor and Material Payment Bond, and not the Performance Bond.

Accordingly, we overrule Fidelity's second assignment of error.

Fidelity asserts through its first and third assignments that summary judgment was erroneously entered against it because the undisputed evidence demonstrates:

"A. The plaintiffs in the action against Delta and Fidelity did not have standing to sue Fidelity under the Labor and Materials Payment Bond because the plaintiffs were not 'claimants' as that term is defined in the bond; and

"B. The plaintiffs in both actions failed to bring their cause of actions within the contractual time limits specified in the Labor and Material Payment Bond."

When reviewing motions for summary judgment pursuant to Civ.R. 56, "[t]he inferences to be drawn from the underlying facts contained in the affidavits and other exhibits must be viewed in the light most favorable to the party opposing the motion, and if when so viewed reasonable minds can come to differing conclusions the motion should be overruled." *Hounshell v. American States Ins. Co.* (1981), 67 Ohio St.2d 427, 433, 21 O.O.3d 267, 271, 424 N.E.2d 311, 315. However, if upon review of the evidence it is clear that reasonable minds can come to but one conclusion, summary judgment should be entered accordingly. See Civ.R. 56(C). Finally, when reviewing summary judgments, we stand in the shoes of the trial court. *Smiddy v. The Wedding*

*Party, Inc.* (1987), 30 Ohio St.3d 35, 36, 30 OBR 78, 78–79, 506 N.E.2d 212, 214–215.

### A

■ Upon review of the record in plaintiffs' action against Delta and Fidelity, we conclude as a matter of law that plaintiffs lacked standing to bring their action against Fidelity under the Labor and Material Payment Bond. The first paragraph of plaintiffs' complaint alleged they were employees of Delta, not Seco.

The Labor and Material Payment Bond was executed between Seco, as principal, and Fidelity, as surety, for the use and benefit of claimants who are defined as entities having a direct contract with the principal or a subcontractor of the principal for labor, material, or both. It is undisputed that Seco, the principal under the Labor and Material Bond, ceased work on the hospital construction contract on July 9, 1984. Thereafter, Fidelity replaced Seco as contractor with Delta for the completion of the construction project. The evidence further demonstrates that Delta did not furnish a Labor and Material Payment Bond. There is no evidence that Delta was a successor and/or assignee of Seco as the principal in the Labor and Material Bond between Fidelity and Seco.

Accordingly, the plaintiffs did not have the benefit of the Labor and Material Bond entered into between Fidelity and Seco because they did not have a direct contract with Seco or with a subcontractor of Seco for labor, material, or both. As such, plaintiffs were without standing to assert the Labor and Material Payment Bond against Fidelity for the payment of their specified wages and interest and the trial court erred in entering judgment otherwise.

### B

■ Upon review of the action against Seco and Fidelity, the evidence demonstrates that Stake and Conkle had standing for their cause of action against Fidelity under the Labor and Material Bond. The evidence reflects that Stake and Conkle were in fact employees of Seco during the hospital construction project and would therefore be classified as claimants under the Labor and Material Bond.

However, the evidence conclusively demonstrates that Stake and Conkle failed to bring their cause of action against Fidelity within the contractual time limits contained in the Labor and Material Bond. Said bond provided:

"No suit or action shall be commenced hereunder by any claimant * * * after the expiration of one (1) year following the date on which Principal ceased work on said Contract, it being understood, however, that if any limitation embodied in this bond is prohibited by any law controlling the construction hereof such limitation shall be deemed to be amended so as to be amended so as to be equal to the minimum period of limitation permitted by such law."

As noted above, Seco, as principal under the Labor and Material Bond, ceased work on the hospital construction contract on July 9, 1984. Stake and Conkle did not file their action against Fidelity under the Labor and Material Bond until April 6, 1990, more than five years after Seco ceased work on the construction contract. Accordingly, Stake and Conkle's cause of action against Fidelity was time-barred and it was erroneous for the common pleas court to enter judgment otherwise.

While the one-year contractual time limitation contained in the Labor and Material Bond is considerably less than the period of limitations for causes of actions involving written contracts pursuant to R.C. 2305.06, such contractual limitations have been upheld. See *Lane v. Grange Mut. Cos.* (1989), 45 Ohio St.3d 63, 543 N.E.2d 488; *Broadview S. & L. Co. v. Buckeye Union Ins. Co.* (1982), 70 Ohio St.2d 47, 24 O.O.3d 109, 434 N.E.2d 1092.

Therefore, we sustain Fidelity's first and third assignments of error.

For the foregoing reasons, the judgments entered in the Richland County Court of Common Pleas are hereby reversed and we hereby enter final judgment in favor of Fidelity and against the above-captioned plaintiffs pursuant to App.R. 12.

*Judgments reversed.*

PUTMAN, P.J., and MILLIGAN, J., concur.