After his motion to suppress evidence had been overruled, Brian Broomhall entered a plea of no contest to a charge of driving under the influence of alcohol. The trial court made a finding of guilty and imposed a fine, a jail sentence, and a license suspension. On appeal, Broomhall advances two assignments of error, the first of which is as follows:
 THE TRIAL COURT ERRED IN FAILING TO ORDER THE RESULTS OF THE BREATHALYSER SUPPRESSED, BECAUSE THE STATE FAILED TO ESTABLISH THAT THE TEST WAS CONDUCTED UNDER THE "GENERAL DIRECTION" OF A SENIOR OPERATOR.
Broomhall is correct that the State failed to establish that the breathalyser test administered in his case was conducted under the general direction of a senior operator. See O.A.C.3701-53-07; Dublin v. Young (1996), 75 Ohio St.3d 472.
The only witness at the suppression hearing was Officer Steve Davis, a police officer employed by the City of West Carrollton. Officer Davis's only testimony was on cross-examination by defense counsel, John Rion. As it relates to the first assignment of error, Officer Davis's only testimony was that he is a senior operator, that the breathalyser test was not administered by a senior operator, and that Davis did not know whether a senior operator was present when the test was administered to Broomhall. In our judgment, this testimony, without more, did not satisfy even the minimal evidentiary burden countenanced in Young. SeeYoung at p. 476.
Notwithstanding the failure of the State to establish that the test was administered under the general direction of a senior operator, the record discloses that Broomhall, by his counsel, abandoned his contention — raised somewhat inartfully in his written motion to suppress — that the test result should be suppressed because it was not conducted under the general direction of a senior operator. Prior to examining Officer Davis, defense counsel stated to the trial court as follows:
. . . we're going to . . . move right into whether or not the proper tests were run on the radio frequency interference. Officer Davis would be the officer on that. And I just simply want to satisfy myself that that's been done correctly or not and that will be the substance of the hearing. (Emphasis ours.)
After defense counsel's cross-examination of Davis, the trial court asked the prosecutor if he wished to question Officer Davis and the prosecutor responded that he did not, saying, "I think he's covered it, Your Honor." After so responding, the trial court directed Officer Davis to leave the witness stand. After Officer Davis left the witness stand, there was a discussion between the trial court and defense counsel relating to defense counsel's desire to provide the court with legal authorities. Thereafter the following discussion took place:
 MR. CARNEY (Prosecutor): I assume what the issue we're talking about, Your Honor, is whether it had to be tested on all bands as to what other — yes, I believe that's the only issue.
THE COURT: That — that's correct. I mean that . . .
MR. RION: And the senior operator.
THE COURT: Okay.
MR. CARNEY: Yes, okay.
In our judgment, defense counsel's reference to "the senior operator," coming as it did after Officer Davis had left the stand, was not sufficient to resurrect the contention that the test results should be suppressed for want of the test having been conducted under the general direction of a senior operator.
Accordingly, the first assignment of error is overruled.
 THE TRIAL COURT ERRED IN OVERRULING THE SUPPRESSION MOTION BECAUSE THE STATE FAILED TO MEET ITS BURDEN OF PROVING THAT IT SUBSTANTIALLY COMPLIED WITH STATE REGULATIONS PERTAINING TO MAINTENANCE OF THE BREATHALYSER.
Officer Davis testified that all necessary RFI surveys had been conducted in proper fashion on the breathalyser used in this case, but that the surveys had been conducted using only the radio frequencies utilized by the West Carrollton Police Department. Officer Davis testified that other police agencies "occasionally" utilized the West Carrollton Police Department breathalyser, but that the RFI surveys had not included using the radio frequencies of those agencies. Officer Davis could not testify as to whether any cruisers of these other agencies were either in the parking lot of the West Carrollton jail — where the breathalyser is located — or driving by at the time the test was administered to Broomhall.
Broomhall contends that the test result should have been suppressed because of the failure of the West Carrollton Police Department to conduct the RFI survey using, in addition to its own radio frequencies, the frequencies of other police agencies who occasionally utilize the breathalyser.
This court addressed the precise issue presented by this appeal in its comprehensive opinion in State v. Adams (1992),73 Ohio App.3d 375, where we said at 744-745:
. . . during the time interval of an evidential breath test no radio may be broadcast at a surveyed frequency within the RFI "zone of interference" determined for that frequency with respect to the testing instrument, and no radio may be broadcast at any unsurveyed frequency within the thirty-foot radius constituting the environment of the instrument. Conformity with these requirements is not, however, a foundational predicate to the introduction of breath-test results. They are not a qualifying factor. Rather, as they may affect reliability only if they occur, the burden is on the accused to come forward with evidence that either or both did occur at the relevant time, i.e., during the time interval of the accused's test. A sufficient showing of either precludes introduction of evidence of the breath-test results concerned.
* * *
 Appellant argues that evidence of the results of her breath test should not be introduced because no RFI survey was performed for the frequencies used by the Ohio Highway Patrol. However, appellant has failed to show a necessary predicate; that those frequencies were, in fact, transmitted from a radio within at least thirty feet of the testing instrument during the time interval in which her test was performed. Such evidence is necessary to show prejudice by way of possibly incorrect test results. Absent evidence that those frequencies were in operation within thirty feet of the testing instrument during the accused's breath test, failure to perform an RFI survey for them does not preclude admission of the test results produced.
In our judgment, Broomhall's efforts to distinguish this case from Adams are unavailing. There was no evidence whatsoever that a radio with a non-West Carrollton frequency was operating within thirty feet of the breathalyser at the time the test was administered to Broomhall.
Accordingly, the second assignment of error is overruled.
The judgment will be affirmed.
YOUNG, P.J. and FAIN, J., concur.
Copies mailed to:
Patrick G. Carney
John H. Rion
Hon. Robert E. Messham, Jr.