The STATE of Ohio, Appellee,

v.

NEUHOFF, Appellant.

[Cite as *State v. Neuhoff* (1997), 119 Ohio App.3d 501.]

Court of Appeals of Ohio,
Fifth District, Delaware County.

No. 96CAC05027.

Decided May 19, 1997.

502

*Richard Garner,* Delaware City Assistant Prosecuting Attorney, for appellee.

*Daniel D. Connor Co., L.P.A.,* and *Dennis P. Evans,* for appellant.

JOHN W. WISE, Judge.

On January 15, 1996, the Genoa Township Police Department received a call concerning a domestic dispute at appellant Eric Neuhoff's residence. When the officers arrived at appellant's residence, they observed a vehicle leaving the driveway. Officer Hill stopped the vehicle, which appellant was driving.

Officer Hill noticed an odor of alcohol and awaited the arrival of Officer Mays, who performed a field sobriety test. Based upon his performance of the field sobriety tests, appellant was arrested and transported to the Delaware County Jail. Appellant submitted to a breath test on a B.A.C. Verifier. He tested over the legal limit. Appellant was subsequently charged with domestic violence, operating a motor vehicle under the influence of alcohol, and driving with a prohibited concentration of alcohol.

Following his arraignment, appellant filed a motion to suppress, challenging the radio frequency interference ("RFI") survey. On March 3, 1994, the trial court conducted an evidentiary hearing on appellant's motion. The trial court overruled appellant's motion. Thereafter, appellant entered a plea of no contest to driving with a prohibited concentration of alcohol in violation of R.C. 4511.19(A)(3). The trial court found appellant guilty and imposed sentence.

Appellant timely filed his notice of appeal and sets forth the following assignments of error:

"I. The trial court erred in not suppressing the results of defendant-appellant's breath test because of a failure to perform a proper RFI survey on the breath testing instrument.

"II. The trial court erred in not suppressing the results of defendant-appellant's breath test because of a failure to prove that the breath testing instrument used to test defendant-appellant had not been repaired with original or new factory authorized replacement parts meeting the same specifications as the original equipment parts."

## Standard of Review

As an appellate court, when reviewing the trial court's decision not to suppress evidence, we are guided by the Ohio Supreme Court's ruling in *State v. Smith* (1991), 61 Ohio St.3d 284, 574 N.E.2d 510, and *State v. Fanning* (1982), 1 Ohio St.3d 19, 1 OBR 57, 437 N.E.2d 583. Pursuant to these cases, it is well-settled law that "[a]t a suppression hearing, the evaluation of evidence and the credibility of witnesses are issues for the trier of fact." *Smith* at 288, 574 N.E.2d at 515, citing *Fanning* at 20, 1 OBR at 57–58, 437 N.E.2d at 584–585. We are therefore required to accept the trial court's findings of fact if they are supported by

competent, credible evidence. *State v. Klein* (1991), 73 Ohio App.3d 486, 488, 597 N.E.2d 1141, 1142–1143.

I

Appellant contends in his first assignment of error that the state failed to demonstrate that it had conducted a proper RFI survey on the breath-testing instrument and, therefore, the trial court should have suppressed his breath test results. Specifically, appellant challenges the RFI survey of the hand-held radio units.

Pursuant to Ohio Adm.Code 3701–53–02(C), when testing with hand-held radio units, one officer is required to walk along eight different axes while continuously transmitting with the hand-held radio. The other officer remains at the machine to observe it for RFI.

In the case *sub judice*, Trooper Szabo conducted the RFI survey with the help of Lieutenant Hatten. At the suppression hearing, Trooper Szabo testified that he gave Hatten instructions to walk along the various vectors starting from a distance of thirty feet. However, due to the structure of the building, he was unable to see Hatten as he walked in on each axis. Trooper Szabo could only observe the actions of Lieutenant Hatten when he was within the room where the breath-testing instrument was located. The state did not present the testimony of Lieutenant Hatten to establish that he received, understood or followed Trooper Szabo's instructions.

Due to the state's failure to present the testimony of Hatten concerning his conduct while performing the RFI survey, appellant contends that the state failed to prove that it complied with the Ohio Department of Health's procedures for conducting an RFI survey.

In Ohio, it is well established that the state bears the burden of proof upon proper motion by a defendant. *Xenia v. Wallace* (1988), 37 Ohio St.3d 216, 524 N.E.2d 889, paragraph two of the syllabus. The Ohio Supreme Court set forth three reasons for placing the burden upon the state. First, a party charged from the outset with the burden of persuasion on a particular issue ordinarily has the subsidiary burden of going forward with evidence regarding the issue. *Id.* at 219, 524 N.E.2d at 892–893. Second, the state has primary access to persons with relevant information. *Id.* Finally, it is less burdensome for a party to produce evidence on the existence of probable cause than the lack of probable cause. *Id.* at 219–220, 524 N.E.2d at 892–894.

Based upon the above case law, appellant maintains that the state had the burden of presenting the testimony of Lieutenant Hatten, the person who aided Trooper Szabo in conducting the RFI survey. Without this testimony, appellant

contends, he was denied the opportunity to confront and cross-examine the person who helped perform the RFI survey. Therefore, appellant argues that he does not know whether a proper RFI survey was conducted by Trooper Szabo, without the testimony of Lieutenant Hatten.

In reviewing this assignment of error, we begin by noting that Crim.R. 47 requires that "[a] motion, other than one made during trial or hearing, shall be in writing unless the court permits it be made orally. It shall state with particularity the grounds upon which it is made and shall set forth the relief or order sought."

In the case of *State v. Shindler* (1994), 70 Ohio St.3d 54, 636 N.E.2d 319, the court recognized this particularity requirement contained in Crim.R. 47 and stated as follows:

"In order to require a hearing on a motion to suppress evidence, the accused must state the motion's legal and factual bases with sufficient particularity to place the prosecutor and the court on notice of the issues to be decided." *Id.* at syllabus.

Appellant's motion to suppress, filed on February 13, 1996, contained thirteen numbered paragraphs in support of his suppression motion. The motion was merely a listing, which alleged that every requirement needed to perform a proper RFI survey had been violated by the state. The motion did not contain any other facts.

The only allegation contained in his motion to suppress that closely mirrors the issue on appeal appears in paragraph four of appellant's motion. This allegation states as follows:

"The breath testing instrument was not properly surveyed to determine radio frequency interference by two qualified police officers utilizing two radios and surveying from all positions the hand held, mobile and base radios required by OAC 3701–53–02(C) and Appendix H."

 We find that this allegation does not state the factual basis with sufficient particularity to put the state on notice that appellant was going to specifically challenge the fact that Trooper Szabo could not see Lieutenant Hatten the entire time he was conducting the RFI survey. Although *Shindler* addresses the particularity requirement as it pertains to an evidentiary hearing, we found in *Johnstown v. Jugan* (Apr. 24, 1996), Licking App. No. 95 CA 90, unreported, that "the scope of an evidentiary hearing on a motion to suppress and the State's burden of proof as to the regularity of the breath testing procedure is limited to those contentions that are asserted with sufficient particularity to place the prosecutor and court on notice of the issues to be decided." *Id.* at 3.

■ In order to support a motion to suppress with particular facts that would put the state on notice of the areas to be challenged, a defendant must first complete due and diligent discovery on all issues that he or she intends to challenge in the motion to suppress. Clearly, under Crim.R. 16, sections (B)(1)(C) and (D) are most important to a defendant in preparing a motion to suppress a breath test by challenging the RFI survey and related matters.

These sections of Crim.R. 16 permit a defendant to discover the following information:

"(c) Documents and tangible objects. Upon motion of the defendant the court shall order the prosecuting attorney to permit the defendant to inspect and copy or photograph books, papers, documents, photographs, tangible objects, buildings or places, or copies or portions thereof, available to or within the possession, custody or control of the state, and which are material to the preparation of his defense, or are intended for use by the prosecuting attorney as evidence at the trial, or were obtained from or belong to the defendant.

"(d) Reports of examination and tests. Upon motion of the defendant the court shall order the prosecuting attorney to permit the defendant to inspect and copy or photograph any results or reports of physical or mental examinations, and of scientific tests or experiments, made in connection with the particular case, or copies thereof, available to or within the possession, custody or control of the state, the existence of which is known or by the exercise of due diligence may become known to the prosecuting attorney."

Therefore, we find that a defendant has the burden of conducting due and diligent discovery, under Crim.R. 16, in preparing a motion to suppress. Once a defendant has secured information through the normal course of discovery, if other potential issues exist that were not excluded by a thorough use of the defendant's discovery rights, the defendant may raise those issues in a motion to suppress, without articulating the specific facts that support the motion.

By following the above procedures, the state has the burden to comply forthrightly and fully with all discovery requests. However, it limits those issues that can be legitimately raised and defended in a motion to suppress. This procedure also strikes a balance between the defendant exercising his or her discovery rights and the state's legitimate interest in knowing the issues they have to defend at the hearing without being subjected to the cost and time loss of requiring an inordinate number of staff to appear and testify.

This court has previously noted:

"Motions to suppress pursuant to Crim.R. 12 are not and should not be considered viable alternatives to criminal discovery pursuant to Crim.R. 16. Motions to suppress evidence under the Rules of Criminal Procedure are not to

be made until *after* a defendant has discovered state's evidence he considers inadmissible at trial. However, the instant cases illustrate how defendants attempt to use suppression motions as a method of discovery. * * * [D]efendants who are bent on using motions to suppress as a method of discovery may seek to meet the particularized requirements of Crim.R. 47 by making factual allegations they hope will be shown to be true at an evidentiary hearing. In the unlikely event the trial court discovers from the hearing that a defendant's factual allegations in a motion to suppress are not supported by any evidence, the trial court has at its disposal an arsenal of possible sanctions, including, but not limited to, contempt and disciplinary proceedings. * * * [C]riminal judicial proceedings are inappropriate arenas to conduct 'cat and mouse games.' The fairness and integrity of criminal judicial proceedings are hindered by such tactics." (Emphasis *sic*.) *State v. Marion* (1992), 73 Ohio App.3d 752, 755–756, 598 N.E.2d 188, 190–191.

Appellant did not support his allegation contained in paragraph four with even a minimal amount of facts that would have put the state on notice that he would be challenging the RFI survey on the basis that Trooper Szabo could not see Lieutenant Hatten the entire time he conducted the survey. We find that counsel, at the hearing, was merely fishing for information upon which to hinge any of the legal grounds set forth in his motion to suppress. Defense counsel should have conducted sufficient discovery so that he could have substantiated the legal grounds in his motion with factual allegations.

We find this opinion distinguishable from the *Shindler* case in that the defendant in *Shindler*, in addition to setting forth a list of legal reasons for suppressing the breath test, also supported these legal reasons with facts. *Shindler*, 70 Ohio St.3d at 57, 636 N.E.2d at 321–322. As noted above, appellant's motion to suppress does not contain any factual allegations in support of the legal reasons for suppression.

The trial court's decision to deny appellant's motion to suppress, on this issue, is supported by competent, credible evidence.

Appellant's first assignment of error is overruled.

## II

In his second assignment of error appellant contends that the state did not present any evidence at the suppression hearing that an electronic component of the breath-testing instrument used to test appellant had not been changed or replaced with other than original replacement parts or factory authorized replacement parts meeting the same specifications of the original equipment parts.

Appellant specifically challenges this in paragraph 5(E) of his motion to suppress, wherein he states:

"The most recent Radio Frequency Interference (RFI) survey performed immediately prior to the Defendant's test on the breath testing instrument used in this case is invalid because of the following events which have occurred between the most recent RFI survey and the Defendant's test pursuant to Ohio Administrative Code § 3701–53–02(2):

"* * *

"(E) An electronic component of the breath testing instrument used to test the Defendant has been changed and replaced with other than original replacement parts or factory authorized replacement parts, meeting the same specifications as the new original equipment parts."

■ This court has previously held in the *Jugan* case that once an issue is raised, the prosecution has the burden of proving that either no repairs were made on the instrument subsequent to the RFI survey or that when repairs were made, the parts replaced were original or factory authorized parts. *Jugan* at 3. Appellant contends that since no evidence was produced by the state to prove that either no repairs were made or that if they were made, they were done pursuant to the provisions of the Ohio Administrative Code, the trial court should have granted his motion to suppress.

Our decision in *Jugan* addressed a testimonial record that indicated that repairs had been made to the instrument used to test the accused's breath. *Id.* at 4–5. However, in the case *sub judice*, the record does not contain any evidence that would indicate that any of the conditions were present, pursuant to Ohio Adm.Code 3701–53–02(C)(2)(a)–(f), that would require a new RFI survey. No testimony, by either party, was presented concerning this matter.

The Ninth District Court of Appeals addressed a similar matter in *State v. Hominsky* (1995), 107 Ohio App.3d 787, 669 N.E.2d 523. In the *Hominsky* case, in addressing whether the state had substantially complied with the regulation requiring a new RFI survey when the police station's radio transmitting equipment's output power had changed, the court held:

"[A]ppellant's motion to suppress raised generally the question whether a new RFI was conducted after any of the events listed in Ohio Adm.Code 3701–53–02(C)(2)(a) through (f) occurred. However, appellant failed to raise the instant issue during the hearing on the motion to suppress. These circumstances lead this court to conclude that the state was not required to introduce evidence specifically demonstrating the absence of an occurrence which would have required a new RFI survey. Officer Karaffa's testimony that the Breathalyzer machine had been tested for RFI as prescribed by the Ohio Department of

Health's regulations was sufficient in the absence of any specific challenge raised during the course of the hearing under Ohio Adm.Code 3702 [*sic*]–53–02(C)(2)(d)." *Id.* at 795–796, 669 N.E.2d at 528–529.

We agree with the court's analysis in *Hominsky* and find that although appellant raised this issue in his motion to suppress, he did not address the issue during the hearing on this matter. Therefore, the state was not required to introduce evidence specifically demonstrating the absence of an occurrence that would have required a new RFI survey. Trooper Szabo's testimony, that he tested the breath-testing machine in compliance with Ohio Department of Health regulations, is sufficient to establish a proper RFI survey, in the absence of a specific challenge by the appellant at the suppression hearing.

The trial court's decision to deny appellant's motion to suppress, upon this issue, is supported by competent, credible evidence.

Appellant's second assignment of error is overruled.

For the foregoing reasons, the judgment of the Court of Common Pleas, Delaware County, Ohio, is hereby affirmed.

*Judgment affirmed.*

FARMER, J., concurs.

GWIN, J., dissents.

GWIN, Presiding Judge, dissenting.

"Crim.R. 16(B) states:

"Disclosure of evidence by the prosecuting attorney

"(1) Information subject to disclosure. (a) Statement of defendant or co-defendant. Upon motion of the defendant, the court shall order the prosecuting attorney to permit the defendant to inspect and copy or photograph any of the following which are available to, or within the possession, custody, or control of the state, the existence of which is know or by the exercise of due diligence may become known to the prosecuting attorney:

"(i) Relevant written or recorded statements made by the defendant or co-defendant, or copies thereof;

"(ii) Written summaries of any oral statement, or copies thereof, made by the defendant or co-defendant to a prosecuting attorney or any law enforcement officer;

"(iii) Recorded testimony of the defendant or co-defendant before a grand jury.

"(b) Defendant's prior record. Upon motion of the defendant the court shall order the prosecuting attorney to furnish defendant a copy of defendant's prior criminal record, which is available to or within the possession, custody or control of the state.

"(c) Documents and tangible objects. Upon motion of the defendant the court shall order the prosecuting attorney to permit the defendant to inspect and copy or photograph books, papers, documents, photographs, tangible objects, buildings or places, or copies or portions thereof, available to or within the possession, custody or control of the state, and which are material to the preparation of his defense, or are intended for use by the prosecuting attorney as evidence at the trial, or were obtained from or belong to the defendant.

"(d) Reports of examination and tests. Upon motion of the defendant the court shall order the prosecuting attorney to permit the defendant to inspect and copy or photograph any results or reports of physical or mental examinations and of scientific tests or experiments, made in connection with the particular case, or copies thereof, available to or within the possession, custody or control of the state, the existence of which is known or by the exercise of due diligence may become known to the prosecuting attorney.

"(e) Witness names and addresses; record. Upon motion of the defendant, the court shall order the prosecuting attorney to furnish to the defendant a written list of the names and addresses of all witnesses whom the prosecuting attorney intends to call at trial, together with any record of prior felony convictions of any such witness, which record is within the knowledge of the prosecuting attorney. Names and addresses of witnesses shall not be subject to disclosure of the prosecuting attorney certifies to the court that to do so may subject the witness or others to physical or substantial economic harm or coercion. Where a motion for discovery of the names and addresses of witnesses has been made by a defendant, the prosecuting attorney may move the court to perpetuate the testimony of such witnesses in a hearing before the court, in which hearing the defendant shall have the right of cross-examination. A record of the witness' testimony shall be made and shall be admissible at trial as part of the state's case in chief, in the event the witness has become unavailable through no fault of the state.

"(f) Disclosure of evidence favorable to defendant. Upon motion of the defendant before trial the court shall order the prosecuting attorney to disclose to counsel for the defendant all evidence, known or which may become known to the prosecuting attorney, favorable to the defendant and material either to guilt or punishment. The certification and the perpetuation provisions of subsection (B)(1)(e) apply to this subsection.

"(g) In camera inspection of witness' statement. Upon completion of a witness' direct examination at trial, the court on motion of the defendant shall conduct an in camera inspection of the witness' written or recorded statement with the defense attorney and prosecuting attorney present and participating, to determine the existence of inconsistencies, if any, between the testimony of such witness and the prior statement.

"If the court determines that inconsistencies exist, the statement shall be given to the defense attorney for use in cross-examination of the witness as to the inconsistencies.

"If the court determines that inconsistencies do not exist the statement shall not be given to the defense attorney and he shall not be permitted to cross-examine or comment thereon.

"Whenever the defense attorney is not given the entire statement, it shall be preserved in the records of the court to be made available to the appellate court in the event of an appeal."

Under none of the above provisions is it possible for the appellant to discover either that the RFI survey was flawed or that factory parts were not used in repairs. It is naive to propose that this information would be voluntarily disclosed to defense counsel.

The majority acknowledges the state's obligation to go forward with evidence at the suppression hearing, but then shifts the burden to the defendant to identify facts that, as a practical matter, are unobtainable outside the hearing on the motion.

In *Shindler,* the Supreme Court approved Judge Painter's format for challenging RFI surveys. The appellant used exactly the form approved in *Shindler,* and the majority finds it deficient.

I firmly believe that requiring defense counsel to fully investigate their cases and to conduct complete discovery streamlines the judicial process and promotes pleas. However, the result the majority reaches today puts an insuperable burden on the defendant. This can only result in more trials, where the jury will be present when the defense examines the state's evidence for the first time.

In regard to the second assignment of error, once again the defendant could not have been more pointed or specific in his allegation as to the defect in the RFI survey. It seems the majority seeks to have the defendant submit an affidavit by the police to this effect: "The test is wrong, we didn't use factory parts when we repaired it." The trier of fact should determine whether the repairs were properly done after a hearing and cross-examination.

512

The purpose of an RFI survey is to test a breath-testing instrument to assure all involved that it is accurate and functioning properly. The importance of this cannot be overstated when one considers that the results of the test are virtually conclusive in the outcome of the case. Mandatory jail, significant fines, and extended loss of driving privileges, as well as an enormous cost in required auto insurance and emotional turmoil, are byproducts of the accuracy of the test.