ACCELERATED DOCKET JOURNAL ENTRY and OPINION
This case came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1, the record from the lower court, the briefs and the oral arguments of counsel.
Defendant-appellant Pete Shomade appeals from the order of the Shaker Heights Municipal Court that denied his motion to suppress evidence without conducting a hearing. Following the trial court's denial of his motion, appellant pleaded no contest to a charge of operating a motor vehicle with a prohibited blood alcohol concentration in violation of City of Shaker Heights Codified Ordinance § 1133.01(a)(3).[1]
Appellant asserts in his assignment of error that the trial court's basis for denying his motion, viz., the motion failed to comply with the requirements of Crim.R. 47, was inappropriate. After a thorough review of appellant's motion in conjunction with the App.R. 9(A) record on appeal,[2] this court agrees.
The trial court's action was not in accord with the supreme court's directive in State v. Shindler (1994), 70 Ohio St.3d 54. As noted by the Second Ohio Appellate District in State v. Williams
(Apr. 24, 1998), Montgomery App. No. 216554, unreported, even when motions to suppress employ language that is `shotgun' or `boiler-plate[,]' * * * [t]he sole requirement that Shindler imposes is [a] particularity requirement.
Thus, as long as the movant identifies the particular code sections that are implicated in his challenge, along with some generalized claim based upon the facts of the case as to why the evidence is inadmissible, the prosecution is placed on notice to assemble the prima facie proof it needs to contest the motion.
Since appellant's motion, which specifically requested an oral hearing, satisfied the requirements of Shindler, the trial court erred in denying the motion without a hearing. State v. Harper
(1994), 70 Ohio St.3d 398 [State v. Harper (Dec. 27, 1993), Warren App. No. CA93-07-055, unreported, overruled]; State v. Borgerding
(1997), 119 Ohio App.3d 632; cf., State v. Neuhoff (1997),119 Ohio App.3d 501; State v. Boone (1995), 108 Ohio App.3d 237; Bedford Heights v. Menefee (Nov. 10, 1999), Cuyahoga App. No. 76184, unreported.
Appellant's assignment of error, accordingly, is sustained.
The order of the trial court is reversed, and this case is remanded for further proceedings consistent with this opinion.
This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellant recover of said appellee his costs herein.
It is ordered that a special mandate be sent to the Shaker Heights Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MICHAEL J. CORRIGAN, J. and JAMES M. PORTER, J. CONCUR
 __________________________________ PRESIDING JUDGE, KENNETH A. ROCCO
[1] Two additional citations issued against appellant for other city ordinance violations were dismissed.
[2] Although appellee contends its responses to appellant's discovery requests required appellant to narrow the issues raised in his motion to suppress evidence, appellee's contention will not be addressed since this court may not consider materials attached to the city's appellate brief that are not contained in the trial court record. See, e.g., Middletown v. Allen (1989), 63 Ohio App.3d 443; cf., State v. Neuhoff (1997), 119 Ohio App.3d 501.