OPINION
Defendant-appellant Debra S. McDonald appeals the denial by the Fairfield County Municipal Court of defendant-appellant's Motion to Suppress. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE
On February 1, 2000, Ohio State Highway Patrol Trooper Burroughs responded to a report of an accident at 1178 Lake Road, SE, Lancaster, Ohio. Defendant-appellant Debra A. McDonald's [hereinafter appellant] vehicle had become stuck in a front yard. After arriving at the scene, Trooper Buroughs contacted the Fairfield County Sheriff's Department to continue the investigation because it was a private property accident. Deputy Haley, of the Fairfield County Sheriff's Department, subsequently arrived at the scene and proceeded to investigate the accident. When Deputy Haley approached appellant's vehicle, he detected an odor of alcohol. Upon speaking with appellant, the Deputy noticed appellant had bloodshot and glassy eyes, slurred speech and was disoriented. In addition, appellant admitted to Deputy Haley that she had consumed alcohol, specifically two and a half or three beers. Pursuant to these facts and circumstances, the Deputy placed appellant under arrest for Driving While Under the Influence of Alcohol [hereinafter DUI], in violation of R.C. 4511.19(A)(1), and driving under FRA suspension, in violation of R.C. 4507.02(B)(1). Appellant was arraigned on February 2, 2000, and entered a plea of not guilty to all charges. On April 15, 2000, appellant filed a Motion to Suppress, which challenged the validity of the officers' reasonable suspicion to investigate and Deputy Haley's basis for probable cause to arrest appellant for DUI. An oral hearing on the Motion to Suppress was held on May 17, 2000. On June 22, 2000, the trial court issued a Judgment Entry which denied appellant's Motion to Suppress. Thereafter, on July 26, 2000, appellant entered a plea of No Contest to DUI. The remaining charges were dismissed. The trial court found appellant guilty of DUI, her third DUI conviction within six years, and pronounced sentence. Appellant filed a timely appeal, raising the following assignments of error:
 ASSIGNMENT OF ERROR I THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT-APPELLANT, BY FINDING THAT THERE WAS A REASONABLE AND ARTICULABLE SUSPICION TO CONFRONT AND INITIALLY DETAIN THE DEFENDANT-APPELLANT.
 ASSIGNMENT OF ERROR II THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT-APPELLANT, BY FINDING THAT THERE WAS PROBABLE CAUSE TO ARREST THE DEFENDANT-APPELLANT FOR THE OFFENSE OF DRIVING UNDER THE INFLUENCE OF ALCOHOL.
There are three methods of challenging on appeal a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether said findings of fact are against the manifest weight of the evidence. See State v. Fanning (1982),1 Ohio St.3d 19, 437 N.E.2d 583; State v. Klein (1991), 73 Ohio App.3d 486,597 N.E.2d 1141, State v. Guysinger (1993), 86 Ohio App.3d 592,621 N.E.2d 726. Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. See State v. Williams (1993), 86 Ohio App.3d 37,619 N.E.2d 1141, overruled on other grounds. Finally, assuming the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. State v. Curry (1994),95 Ohio App.3d 93, 96, 641 N.E.2d 1172, State v. Claytor (1993),85 Ohio App.3d 623, 627, 620 N.E.2d 906, 908, and State v. Guysinger (1993), 86 Ohio App.3d 592, 621 N.E.2d 726. As the United States Supreme Court held in Ornelas v. U.S. (1996), 517 U.S. 690, 116 S.Ct. 1657,134 L.Ed.2d 911, ". . . as a general matter determinations of reasonable suspicion and probable cause should be reviewed de novo on appeal."
 I
In the first assignment of error, appellant argues that the State Trooper did not have reasonable and articulable suspicion to confront and detain appellant for an accident on private property. Further, appellant claims that the Deputy involved did not have reasonable and articulable suspicion to investigate the accident. Appellant asserts that appellant was initially detained, investigated and cited for an alleged violation of R.C. 4511.202, Operating a Motor Vehicle Without Reasonable Control. Revised Code 4511.202 states that: "No person shall operate a motor vehicle . . . on any street, highway, or property open to the public for vehicular traffic without being in reasonable control of the vehicle. . . ." It appears uncontested that the accident occurred entirely on private property and did not involve a street, highway or property open to the public for vehicular traffic. Appellant argues that because R.C. 4511.202 was clearly inapplicable to the accident, neither the Trooper nor the Deputy had authority to approach appellant's vehicle to investigate a possible violation of R.C. 4511.202. Crim.R. 47 states that a motion to suppress "shall state with particularity the grounds upon which it is made." The State's burden of proof in a motion to suppress hearing is limited to those contentions that are asserted with sufficient particularity to place the prosecutor and court on notice of the issues to be decided. State v. Neuhoff (1997), 119 Ohio App.3d 501,506, 695 N.E.2d 825 (relying on State v. Shindler (1994),70 Ohio St.3d 54, 636 N.E.2d 319 Johnstown v. Jugan (Apr. 24, 1996), Licking App. No. 95CA90, unreported). If an issue regarding whether evidence was illegally obtained is not properly raised in a pre-trial motion to suppress, the defendant waives any challenge to the admission of the evidence at trial. State v. Williamson (June 14, 2000), Ross App. No. 99CA2473, unreported, 2000 WL 807281 (citing Crim.R. 12(B)(3) State v. French (1995), 72 Ohio St.3d 446,650 N.E.2d 887). Failure of the defendant to adequately raise the basis of his challenge constitutes a waiver of that issue on appeal. City of Xenia v. Wallace (1988), 37 Ohio St.3d 216, 218-219, 524 N.E.2d 889. As to the actions of the State Trooper, we find appellant failed to sufficiently raise any issues regarding the State Trooper in her Motion to Suppress in order to present this issue on appeal. In the case sub judice, appellant's Motion to Suppress did not contain an allegation that the Trooper's initial contact with appellant or alleged detention of the appellant was without reasonable and articulable suspicion. In the Motion to Suppress, appellant asserted that "the initial stop of Defendant, for certain alleged traffic violations, was not based on reasonable suspicion. Defendant submits that she was not operating her vehicle unlawfully as alleged by the arresting officer [Deputy Haley] in his report." At the hearing on appellant's Motion to Suppress, appellant's counsel presented the relevant basis of appellant's motion to the trial court as follows: ". . . I'm asking the Court to review the, uh, propriety so to speak of the initial contact, uh, that the deputy had due, due to the fact that this investigation relates to an incident that took place on, on private property."
In response, to appellant's Motion to Suppress and statement of the issue before the trial court, the State presented the testimony of the Deputy Sheriff involved but not the State Trooper involved. We find that appellant's assertions were insufficient to put the prosecutor and trial court on notice as to whether the State Trooper wrongfully approached and detained appellant. Therefore, appellant has waived her ability to challenge this issue on appeal. As to the Deputy Sheriff, we find that the Deputy did not need reasonable, articulable suspicion to approach appellant's vehicle. We find that the Deputy's approach to a vehicle which was already stuck in the snow was not a seizure subject to constitutional protections. "Obviously, not all personal intercourse between policeman and citizens involves `seizures' of persons. Only when the officer, by means of physical force or show of authority, has in some way restrained the liberty of a citizen may we conclude that `seizure' has occurred." State v. Haberman (June 2, 2000), Fairfield App. No. 99CA0068, unreported (quoting Ohio v. Terry, supra). In this case, the Deputy did not stop appellant's vehicle or restrain appellant's freedom. Rather, appellant's vehicle was stuck in the snow before the Deputy arrived. See State v. Bernal (Dec. 3, 1999), Wood App. No. WD-99-030, unreported (consensual encounter when vehicle was stuck in mud and officer approached vehicle) (citing United States v. Mendenhall (1980), 446 U.S. 544, 553,100 S.Ct. 1870, 64 L.Ed.2d 497). Therefore, the Deputy did not need reasonable and articulable suspicion to approach appellant's vehicle. Further, appellant's vehicle could be seen from the road and was off of a driveway, stuck in the snow. A law enforcement officer "has a duty to the public safety to approach a citizen who may be in need of aid." State v. Sipes (December 22, 1995), Ashland App. No. 95-COA-01117, unreported (citing City of Massillon v. Anthony (August 21, 1995), Stark App. No. 95-CA-31, unreported); State v. Meeks (October 17, 1988), Tuscarawas App. No. 88-AP-050037, unreported. Deputy Haley was responding to the report of an accident in which a vehicle was stuck in the snow. The Deputy had a duty to approach appellant's vehicle since it was clear that appellant may have been in need of aid. Thus, under these circumstances, the Deputy did not need reasonable, articulable suspicion to believe appellant had or was committing an offense to approach appellant. Lastly, we find, as did the trial court, that the Sheriff Deputy had reasonable, articulable suspicion sufficient to justify investigation. The Deputy was dispatched to the scene to investigate an automobile accident in which the vehicle ultimately came to rest in a field and became stuck in the snow. While an investigation into Operating a Motor Vehicle without Reasonable Control, R.C. 4511.202, may not have resulted in a conviction since, upon investigation, it was found that appellant had not been driving on a public road when the accident occurred, we agree with the trial court that the circumstances were such to provide reasonable, articulable suspicion sufficient to justify the Deputy's approach of appellant's vehicle to investigate. Appellant's first assignment of error is overruled.
 II
In the second assignment of error, appellant contends that the trial court erred when it found that there was probable cause to arrest appellant for the offense of DUI. Appellant asserts that while Deputy Haley had a suspicion that appellant was under the influence of alcohol, his belief did not constitute probable cause. Appellant bases her argument on the facts that the Deputy did not request appellant to perform field sobriety tests before he arrested appellant, the Deputy did not observe appellant driving the vehicle, and appellant attempted to explain her situation by claiming she was trying to turn the vehicle around and got stuck in the snow. Appellant asserts that the Deputy based his decision to arrest appellant solely on his observation that appellant had the odor of alcohol, slurred her speech and had glassy eyes. Appellant submits that those factors alone do not establish probable cause. "Probable cause exists where there is a reasonable ground of suspicion, supported by circumstances sufficiently strong in themselves to warrant a cautious person in the belief that an individual is guilty of the offense with which he or she is charged." State v. Medcalf (1966), 111 Ohio App.3d 142, 147, 675 N.E.2d 1268 (citing Huber v. O'Neill (1981), 66 Ohio St.2d 28, 30, 419 N.E.2d 10 (quoting Ash v. Marlow (1851), 20 Ohio 119, paragraph one of the syllabus). In determining whether probable cause exists to arrest a suspect for driving under the influence of alcohol, "the court must examine whether, at the moment of the arrest, the officer had knowledge from a reasonably trustworthy source of facts and circumstances sufficient to cause a prudent person to believe that the suspect was driving under the influence of alcohol." Id. (citing Beck v. Ohio (1964), 379 U.S. 89, 91,85 S.Ct. 223, 225, 13 L.Ed.2d 142. Moreover, the arrest must be supported by the arresting officer's observations of the indicia of alcohol consumption and operation of a motor vehicle while under the influence of alcohol. See State v. Van Fossen (1984), 19 Ohio App.3d 281, 283, 484 N.E.2d 191. In determining whether probable cause exists, a court must look at the totality of the circumstances. Medcalf, supra. We find that the totality of the facts and circumstances demonstrate that probable cause existed to arrest appellant for DUI. First, we note that probable cause to arrest a suspect for DUI may exist without consideration of field sobriety tests. In State v. Homan (2000), 89 Ohio St.3d 421, 427, the Ohio Supreme Court excluded the results of field sobriety tests administered to a suspect. However, the Homan Court went on to find that, even without the results of the field sobriety tests, probable cause existed to support the arrest of the suspect, when the totality of the circumstances was considered. In Homan, the facts which supported a finding of probable cause were: red and glassy eyes, breath which smelled of alcohol, erratic driving and an admission that the suspect had consumed alcohol. In the case sub judice, Deputy Haley testified that appellant had bloodshot and glassy eyes, slurred her speech, appeared to be disoriented, smelled of alcohol and admitted to the consumption of alcohol. In addition, the Deputy had the opportunity to observe appellant's driving as evidenced somewhat by the tire tracks in the snow which led to where appellant's car became stuck. We find that the totality of the circumstances supports a finding of probable cause to arrest appellant for driving while under the influence.
Appellant's second assignment of error is overruled. The judgment of the Fairfield Municipal Court is affirmed.
 _____________ Edwards, P.J.
Gwin, J. and Farmer, J. concurs.