DECISION AND JUDGMENT ENTRY
{¶ 1} Todd D. Welch appeals the judgment of the Adams County Court, overruling Welch's motion to suppress the results of his Breathalyzer test. On appeal, Welch asserts that the trial court erred when it denied his motion to suppress. Welch contends that the court allowed the State to introduce into evidence an uncertified photocopy of the batch certificate. Because courts, during suppression hearings, may rely on hearsay and other evidence to determine compliance with the methods approved by the Director of Health, we disagree. Welch further contends that, pursuant to OAC 3701-53-04(A)(1), the State failed to show the radio frequency check ("RFI") of the Breathalyzer machine. Because Welch only generally asserted in his motion to suppress that *Page 2 
the State did not comply with OAC 3701-53-04, we find that the State's introduction into evidence of the completed BAC DATAMASTER Instrument Check Form ("DataMaster Check Form") satisfied its burden of showing substantial compliance with the regulations. Welch further contends that the State showed no evidence of the qualifying officer's qualifications. Because the completed DataMaster Check Form showed that the Senior Operator carried out the duties, we disagree. Accordingly, we overrule all three of Welch's assignments of error and affirm the judgment of the trial court.
 I. {¶ 2} The Ohio State Highway Patrol cited Welch with operating a motor vehicle while under the influence of alcohol ("OVI") in violation of R.C. 4511.19. Welch consented to a Breathalyzer test, which showed that he had a blood alcohol level of 0.149 g/210L.
 {¶ 3} Welch entered a not guilty plea. Eventually, he filed a motion to suppress evidence, including the results of his Breathalyzer test. Welch generally alleged in his motion that, among other things: "[t]he individual attempting to administer the tests did not perform the tests pursuant to the Ohio Administrative Code Sections 3701-53-01, 02, 03, and 04"; that "the operator of the BAC DataMaster did not have a current and valid senior certificate from the Ohio Department of Health to operate the machine"; that "[t]he BAC DataMaster machine was not properly tested and calibrated pursuant to Ohio Administrative Code3701-53-02 and 3701-53-04"; that "[t]he BAC DataMaster was not properly RFI tested on all radio frequency waves"; and that "[t]he BAC DataMaster was *Page 3 
not subject to proper RFI testing for every radio frequency transmitting or subject to transmission within thirty (30) feet of the breath testing instrument[.]"
 {¶ 4} At the suppression hearing, the State called a trooper as a witness who testified regarding the stop, the subsequent arrest, field sobriety tests and the BAC test. The State also called Sergeant Wayne Mitchell. Sergeant Mitchell testified regarding documentation, such as a DataMaster Check Form completed on April 30, 2005 (the day before Welch's arrest) by Paula Gibson, who signed the form as "senior operator." Sergeant Mitchell also testified to a photocopy of a certified batch certificate issued August 2, 2004, and which expired on June 9, 2005.
 {¶ 5} Following the suppression hearing, the court denied Welch's motion to suppress. Thereafter, Welch entered a no contest plea. The court found Welch guilty of OVI in violation of R.C. 4511.19, and sentenced him accordingly.
 {¶ 6} Welch appeals and asserts the following three assignments of error: I. "THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT BY FAILING TO SUPPRESS THE RESULTS OF THE BREATHALYSER TEST FOR THE REASON THAT THE STATE FAILED TO PROVE COMPLIANCE WITH THE RADIO FREQUENCY INTERFERCE REQUIRED TESTING PURSUANT TO OAC 3701-53-04(A)(1)." II. "THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT BY NOT REQUIRING THE STATE TO SUBMIT PROOF OF THE ACCAURACY AND RELIABILITY OF THE BAC DATAMASTER MACHINE." And, III. "THE TRIAL COURT ERRED, *Page 4 
PREJUDICIALLY, WHEN IT ALLOWED A COPY OF A COPY OF THE BATCH SOLUTION TO BE ADMITTED INTO EVIDENCE."
 II. {¶ 7} Our review of a decision on a motion to suppress presents mixed questions of law and fact. State v. McNamara (1997),124 Ohio App.3d 706, 710, citing United States v. Martinez (C.A.11, 1992),949 F.2d 1117, 1119. At a suppression hearing, the trial court is in the best position to evaluate witness credibility. State v. Dunlap (1995),73 Ohio St.3d 308, 314. Accordingly, we must uphold the trial courts findings of fact if competent, credible evidence in the record supports them. Id. We then conduct a de novo review of the trial courts application of the law to the facts. State v. Anderson (1995),100 Ohio App.3d 688, 691; State v. Fields (Nov. 29, 1999), Hocking App. No. 99CA11.
 III. {¶ 8} We first address Welch's third assignment of error because it involves a critical evidentiary rule of law that, to a limited extent, applies to Welch's other assignments of error. Welch contends that the trial court erred in denying his motion to suppress because the State "has failed to produce a certified batch certificate or testimony concerning a copy of the same which would meet the requirements of Evid.R. 902."
 {¶ 9} Evid.R. 902(4) states, "Extrinsic evidence of authenticity as a condition precedent to admissibility is not required with respect to * * * [a] copy of an official record or report or entry therein, or of a document authorized by law to be recorded or filed and actually recorded or filed in a public office, including data *Page 5 
compilations in any form, certified as correct by the custodian or other person authorized to make the certification, by certificate complying with paragraph (1), (2), or (3) of this rule or complying with any law of a jurisdiction, state or federal, or rule prescribed by the Supreme Court of Ohio."
 {¶ 10} In addition, Evid.R. 1005 states, "The contents of an official record, or of a document authorized to be recorded or filed and actually recorded or filed, including data compilations in any form if otherwise admissible, may be proved by copy, certified as correct in accordance with Rule 902, Civ.R. 44, Crim.R. 27 or testified to be correct by a witness who has compared it with the original. If a copy which complies with the foregoing cannot be obtained by the exercise of reasonable diligence, then other evidence of the contents may be given."
 {¶ 11} Here, at the suppression hearing, the State offered into evidence a photocopy of the calibration solution certification issued by the Ohio Department of Health. Welch objected, claiming that the State had to introduce the original because the document was a copy of a copy and was not certified.
 {¶ 12} The Supreme Court of Ohio has held that during suppression hearings, courts "may rely on hearsay and other evidence to determine whether alcohol test results were obtained in compliance with the methods approve by the Director of Health, even thought that evidence may not be admissible at trial." State v. Edwards, 107 Ohio St.3d 169,2005-Ohio-6180, paragraph one of the syllabus.
 {¶ 13} Therefore, pursuant to Edwards, the trial court did not err when it allowed the uncertified photocopy of the batch certificate into evidence. *Page 6 
 {¶ 14} Accordingly, we overrule Welch's third assignment of error.
 IV. {¶ 15} Welch contends in his first assignment of error that the trial court erred in denying his motion to suppress the results of his Breathalyzer test because the State failed to prove compliance with the Ohio Administrative Code ("OAC") 3701-53-04(A)(1) when testing the Breathalyzer machine.
 {¶ 16} OAC 3701-53-04(A)(1) states,
 A senior operator shall perform an instrument check on approved evidential breath testing instruments and a radio frequency interference (RFI) check no less frequently than once every seven days in accordance with the appropriate instrument checklist for the instrument being used. The instrument check may be performed anytime up to one hundred and ninety-two hours after the last instrument check.
 (1) The instrument shall be checked to detect RFI using a handheld radio normally used by the law enforcement agency. The RFI detector check is valid when the evidential breath-testing instrument detects RFI or aborts a subject test. If the RFI detector check is not valid, the instrument shall not be used until the instrument is serviced.
 {¶ 17} Essentially, the OAC "requires a senior operator to perform an RFI check using a hand-held radio used by the law enforcement agency.State v. Hernandez-Rodriguez, Portage App. No. 2006-P-0121,2007-Ohio-5200, ¶ 36.
 {¶ 18} Here, Welch only generally asserted in his motion to suppress that the State did not comply with OAC 3701-53-04.
 {¶ 19} When a defendant challenges the admissibility of a Breathalyzer in a motion to suppress, courts must first consider "whether the motion was stated with sufficient particularity to put the prosecutor and the count on notice of the basis of the challenge." State v.Bissaillon, Greene App. No. 06-CA-130, 2007-Ohio-2349, *Page 7 
at ¶ 11, citing State v. Shindler (1994), 70 Ohio St.3d 54; see, also, Crim.R. 47 (stating that motions "shall state with particularity the grounds upon which it is made and shall set forth the relief or order sought"). When defendant's motion presents a sufficient basis to support a motion to suppress, "the burden shifts to the State of show that it substantially complied with the ODH regulations involved." Id. at ¶ 12, citing State v. Plummer (1986), 22 Ohio St.3d 292, at syllabus.
 {¶ 20} Further, "[i]n order to support a motion to suppress, with particular facts that would put the state on notice of the areas to be challenged, a defendant must first complete due and diligent discovery, on all issues which he or she intends to challenge, in the motion to suppress." Hernandez-Rodriguez, supra, at ¶ 49, citing State v.Neuhoff (1997), 119 Ohio App.3d 501. An Ohio court has correctly stated that "in order to require the state to respond specifically and particularly to issues raised in a motion, an accused must raise issues that can be supported by facts, either known or discovered, that are specific to the issues raised." State v. Embry, Warren App. No. CA2003-11-110, 2004-Ohio-6324, at ¶ 29. "Unless an accused, either through discovery or cross-examination at the hearing, points to facts to support the allegations that specific health regulations have been violated in some specific way, the burden on the state to show substantial compliance with those regulations remains general and slight." Id.
 {¶ 21} Therefore, based on Welch's general assertion of non-compliance, the State's burden remained "general and slight" to show substantial compliance with OAC 3701-53-04(A)(1). *Page 8 
 {¶ 22} The State introduced into evidence the DataMaster Check Form completed by Senior Operator Paula Gibson. It contained a checklist, including: "When instrument displays `PLEASE BLOW, transmit using hand-held radio near instrument without touching it, until RFI detector aborts the test." This particular item was checked off. Further, at the bottom of the form was a notation, which states, "RULE 3701-53-04." The DataMaster Check Form "is sufficient to establish substantial compliance with the OAC Regulations." Hernandez-Rodriguez at ¶ 43.
 {¶ 23} Welch next contends that the Senior Operator had to conduct an RFI check using each and every radio frequency used by the police. However, the OAC only requires the check "using a hand-held radio normally used by the law enforcement agency[,]" not a hand-held radio utilizing each and every radio frequency used by the agency.
 {¶ 24} Here, the State introduced the DataMaster Check Form, which showed that an RFI check was performed using a hand-held radio. As stated earlier, Welch merely asserted a general allegation that health regulations were violated, without case specific facts. Therefore, "the burden on the state to show substantial compliance with those regulations remains general and slight." Embry at ¶ 29. Consequently, we find that the completed DataMaster Check Form is sufficient to meet this general and slight burden of proof.
 {¶ 25} Accordingly, we overrule Welch's first assignment of error.
 V. *Page 9 {¶ 26} Welch contends in his second assignment of error that the trial court erred in denying his motion to suppress because "the State failed to offer any testimony as to the qualifications of the officer who calibrated the machine, failed to offer any testimony as to what radio frequency was tested by the officer and failed to offer testimony as to the type of radio used to test the machine."
 {¶ 27} Again, in the trial court, Welch only generally asserted in his motion to suppress that the State did not comply with OAC 3701-53-04. Therefore, as set forth in our analysis of Welch's first assignment of error, the State satisfied its burden of proof when it introduced into evidence the DataMaster Check Form with regard to the RFI check required by OAC 3901-53-04(A)(1). As such, we only now need to address Welch's contention that the State presented no evidence of the calibrating officer's qualifications.
 {¶ 28} The State's "failure to prove senior operator status of the calibrating officer has been found to be grounds for suppression of breath test results in a number of cases." State v. Adams (Oct 17, 1995), Pickaway App. No. 94CA21, citing State v. DiMaggio (Jun. 29, 1987), Hamilton App. No. C-860-437; State v. Bremer (Jun. 4, 1986), Hamilton App. No. C-850819; State v. Arms (Aug. 20, 1985), Union App. No. 14-84-14. As this court has found, "[t]he critical factor to be proven at the suppression hearing is the calibrating officer's `senior operator status;' not the existence of his or her `senior operator permit.'" Adams, supra; see, also, State v. Raleigh, Licking App. No. 2007-CA-31, 2007-Ohio-5515; State v. Morton (May 10, 1999), Warren App. No. CA98-10-131; Mason v. Armour (Mar. 13, 1999), Warren App. No. 98-03-033. *Page 10 
 {¶ 29} This court has held that the BAC DataMaster Check Form provides foundational evidence sufficient "to establish that the patrolmen were, in fact, senior operators and qualified to perform the calibration test." Id. Thus, where the State introduces the DataMaster Check Form signed by the officer that performed the calibration check and the signature is located on the signature line reserved for the signature of the senior operator, we found sufficient evidence to establish that the officer performing the check was a senior operator. Id.
 {¶ 30} Here, the DataMaster Check Form shows that Deputy Paula Gibson performed the check on April 30, 2005, the day before Welch's arrest. Deputy Gibson signed the form in the signature block reserved for the "SENIOR OPERATORS SIGNATURE." Above the signature block is another block reserved for the "PERMIT #" which is also completed on the form. The form also indicates that the permit expired on February 23, 2006. Therefore, we find that the record contains sufficient evidence of Deputy Gibson's status as a Senior Operator.
 {¶ 31} Accordingly, we overrule Welch's second assignment of error. Having overruled all three of Welch's assignments of error, we affirm the judgment of the trial court.
 JUDGMENT AFFIRMED. *Page 11 
 JUDGMENT ENTRY
It is ordered that this JUDGMENT BE AFFIRMED and that Appellant shall pay the costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Adams County Court to carry this judgment into execution.
If a stay of execution of sentence and release upon bail has been previously granted by the trial court or this court, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. The stay as herein continued will terminate in any event at the expiration of the sixty-day period.
The stay shall terminate earlier if the appellant fails to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec.2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of said sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 for the Rules of Appellate Procedure. Exceptions.
Abele, P.J.: Concurs in Judgment and Opinion.
 Harsha, J.: Not Participating. *Page 1