[This opinion has been published in *Ohio Official Reports* at 75 Ohio St.3d 472.]

CITY OF DUBLIN, APPELLANT, *v*. YOUNG, APPELLEE.

[Cite as *Dublin v. Young*, 1996-Ohio-207.]

*Motor vehicles—Driving while intoxicated—Breathalyzer test—Senior operator not required to check the performance of an operator with respect to the use of a breath test.*

————————

Under Ohio Adm. Code 3701-53-07(C) and former Ohio Adm. Code 3701-53-07(B), a senior operator is not required to check the performance of an operator with respect to the use of a breath test.

————————

(No. 95-149—Submitted March 5, 1996—Decided May 22, 1996.)

APPEAL from the Court of Appeals for Franklin County, No. 94APC05-769.

————————

{¶ 1} On July 28, 1993, appellee, Eddie Loo Young, was charged, *inter alia*, with operating a motor vehicle with a proscribed level of alcohol in his breath in violation of Section 333.01(a)(3) of the Dublin Codified Ordinances.[1] Young, on that same day, had been given a "BAC Datamaster" breath test, which resulted in a reading of .141. He entered a plea of not guilty and demanded a jury trial.

{¶ 2} On December 24, 1993, Young filed a motion to suppress the results of his breath test. In support of the motion, Young claimed, among other things, that the BAC Datamaster test result should be suppressed because the test had not

————————

1. Section 333.01(a)(3) of the Dublin Codified Ordinances provides that:
    "(a) *Operation Generally*. No person shall operate any vehicle within the Municipality, if any of the following apply:
    "* * *
    "(3) The person has a concentration of ten-hundredths (0.10) of one gram or more by weight of alcohol per 210 liters of his breath[.]"
    This section is similar to R.C. 4511.19(A)(3).

been conducted by an operator who was under the "general direction" of a senior operator as required by former Ohio Adm. Code 3701-53-07(B).[2]

{¶ 3} On April 12, 1994, the trial court conducted a hearing. At the hearing, Officer Kevin E. Rickenbacher and Sergeant Ray Scharf of the Dublin Police Department testified on behalf of appellant, city of Dublin.

{¶ 4} Rickenbacher testified that in October 1992, he was issued an operator's permit by the Department of Health for administering BAC Datamaster tests and that he conducted the breath test on Young. Rickenbacher further testified that Sergeant Scharf had his senior operator's permit and that Scharf currently performed calibration checks on the instrument. Rickenbacher indicated that Scharf was not present when the breath test was administered to Young and that the most recent contact he (Rickenbacher) had had with Scharf regarding the BAC Datamaster was when Scharf informed him about the date of the 1993 proficiency examination. Rickenbacher also indicated that Scharf could be reached by telephone if a question ever arose regarding the instrument, but that he had never needed to call Scharf with any questions.

{¶ 5} Scharf testified that he held a valid senior operator's permit for the operation of the BAC Datamaster. The majority of Scharf's testimony focused on how he conducted radio frequency interference ("RFI") surveys on the instrument. Scharf stated that he had tested the device on May 21, 1993. Scharf did not testify whether he had ever checked Rickenbacher's performance with respect to the actual operation of the BAC Datamaster.

---

2. Ohio Adm. Code 3701-53-07 has been amended on two occasions since Young filed his motion to suppress. This regulation was amended effective September 14, 1994 and December 12, 1994. The portion of Ohio Adm. Code 3701-53-07 specifically at issue in this appeal is now contained in paragraph (C) of the regulation. The current regulation differs only in correcting a typographical error and adding a reference to new R.C. 4511.19(B)(2).

{¶ 6} On April 13, 1994, the trial court overruled Young's motion to suppress. Young then changed his plea of not guilty to no contest. He was found guilty of the charge and sentenced accordingly.

{¶ 7} Upon appeal, the Court of Appeals for Franklin County reversed the judgment of the trial court. The court of appeals, relying on *Aurora v. Kepley* (1979), 60 Ohio St.2d 73, 14 O.O.3d 273, 397 N.E.2d 400, held that the trial court erred in failing to suppress the breath test result because there was no evidence indicating that Scharf ever checked Rickenbacher's performance with respect to the use of the breath testing instrument.

{¶ 8} This cause is now before this court upon the allowance of a discretionary appeal.

_____

*Ronald J. O'Brien*, City Attorney, *David M. Buchman*, City Prosecutor, and *Brenda J. Keltner*, Assistant City Prosecutor, for appellant.

*R. William Meeks* and *Samuel H. Shamansky*, for appellee.

*Carlile, Patchen & Murphy*, *Stephen J. Smith*, *Mitchell H. Banchefsky* and *Scott R. Mergenthaler*, urging reversal for *amicus curiae*, Ohio Association of Chiefs of Police, Inc.

_____

DOUGLAS, J.

{¶ 9} R.C. 4511.19 and Dublin Codified Ordinances 333.01 prohibit the operation of any vehicle by an individual who is under the influence of alcohol or any drug of abuse. The Director of Health ("DOH") is responsible for determining the methods for chemically analyzing the amount of alcohol in a person's blood, urine, breath or other bodily substance. See R.C. 4511.19(D)(1) and 3701.143. In addition, R.C. 3701.143 provides that the DOH is required to "ascertain the qualifications of individuals to conduct such analyses, and issue permits to qualified persons * * *."

{¶ 10} The necessary qualifications of personnel to conduct blood, urine, breath or other bodily substance tests and analyses are set forth in Ohio Adm. Code 3701-53-07. Specifically at issue in this case is former Ohio Adm. Code 3701-53-07(B), which provided:

"(B) Breath tests used to determine whether an individual's breath contains a concentration of alcohol prohibited or defined by * * * division (A)(3) of section 4511.19 * * * or any other statute or local ordinance prescribing a defined or prohibited breath-alcohol concentration shall be performed by a senior operator *or an operator who is under the general direction of a senior operator*. General direction does not mean that the senior operator must be physically present during the conduct of the test. A senior operator shall be responsible for the care, maintenance, and calibration of the evidential breath testing instruments." (Emphasis added.) 1989-1990 Ohio Monthly Record 1315, effective May 5, 1990.

{¶ 11} In *Aurora, supra,* 60 Ohio St.2d 73, 14 O.O.3d 273, 397 N.E.2d 400, at paragraph two of the syllabus, we held, "Where the Director of Health, pursuant to R.C. 3701.143, promulgates a rule that a Breathalyzer test administered by one holding an operator's permit is to be performed under the general direction of a senior operator, the senior operator is not required to be physically present when the test is administered." Additionally, in the body of the opinion, we interpreted former Ohio Adm. Code 3701-53-07(C) and stated that the term "general direction" required that "there be at least one senior operator who will care for, maintain and calibrate the equipment and *who will occasionally check the performance of the operators."* (Emphasis added.) *Id*. at 76, 14 O.O.3d at 275, 397 N.E.2d at 402.

{¶ 12} Young contends that the prosecution failed to prove at the suppression hearing that Rickenbacher was under the "general direction" of Scharf as required by former Ohio Adm. Code 3701-53-07(B). In support of his position, Young relies on *Aurora, supra,* and urges that the term "general direction" requires that a senior operator "occasionally check" the performance of an operator

regarding the use of a breath test, and, in this case, there is no evidence indicating that Scharf ever checked Rickenbacher's performance. Young therefore asserts that the court of appeals was correct in finding that the trial court erred in not suppressing the BAC Datamaster test result.

{¶ 13} However, we believe that Young's reliance on *Aurora* is misplaced. In *Aurora*, we were asked to interpret former Ohio Adm. Code 3701-53-07(C), which, at the time, did not contain the language "General direction does not mean that the senior operator must be physically present during the conduct of the test." The defendant in *Aurora* was given a breath test by an individual who had a valid operator's permit. The test was not administered in the presence of either of the police department's senior operators. The trial court concluded that the defendant's test result was admissible in evidence and, consequently, the defendant was found guilty of operating a motor vehicle while under the influence of alcohol. On appeal, the court of appeals reversed the judgment of the trial court, holding that the trial court erred in admitting the test result into evidence because it was not conducted in the presence of a senior operator. Thus, the only issue before this court was "whether the Court of Appeals was correct in ruling that in order for an operator to analyze the bodily substances in accordance with the Department of Health methods, a senior operator must be present when the test is administered under [former] Ohio Adm. Code 3701-53-07(C)." *Id.* at 75, 14 O.O.3d at 274, 397 N.E.2d at 402. In reversing the court of appeals, we held that the presence of a senior operator was not a requirement.

{¶ 14} Following our decision in *Aurora*, the DOH amended Ohio Adm. Code 3701-53-07 and specifically added the language "General direction does not mean that the senior operator must be physically present during the conduct of the test." 1986-1987 Ohio Monthly Record 617, effective January 1, 1987. However, in amending the regulation, the DOH did not add language requiring that a senior operator check, occasionally or otherwise, the performance of an operator. It can

5

be presumed that the DOH was fully aware of our decision in *Aurora* but did not agree with our interpretation requiring that a senior operator should occasionally check the performance of an operator with respect to the use of a breath testing device. As a result, we can only surmise that the DOH felt that such a requirement was not necessary.

{¶ 15} In this case, Young is essentially asking us to impose a requirement that is not contained in the regulation and was apparently rejected by the DOH. In this regard, if we were to accept Young's contentions and add the language to the regulation, we would be legislating by judicial fiat, which would undermine the discretionary authority that was delegated solely to the DOH by the General Assembly. The DOH, not this court, was granted the authority to determine the qualifications and functions of those personnel who are to administer breath testing devices. See *State v. Yoder* (1993), 66 Ohio St.3d 515, 518, 613 N.E.2d 626, 629.

{¶ 16} Accordingly, we find that the court of appeals erred in determining that former Ohio Adm. Code 3701-53-07(B) required that a senior operator occasionally check the performance of an operator. Thus, we hold that under Ohio Adm. Code 3701-53-07(C) and former Ohio Adm. Code 3701-53-07(B) a senior operator is not required to check the performance of an operator with respect to the use of a breath test. Further, we also find that under the circumstances of this case Rickenbacher was indeed under the general direction of Scharf as required by the regulation.

{¶ 17} The DOH has approved the BAC Datamaster as an instrument for testing the alcohol concentration in a person's breath. Ohio Adm. Code. 3701-53-02(A)(6). This device can be administered by two types of personnel; senior operators and operators. Ohio Adm. Code 3701-53-07(C). To qualify as a senior operator or operator, the individual must be a high school graduate (or have passed the high school equivalency test) and he or she must have successfully completed a comprehensive training course. Ohio Adm. Code 3701-53-07(D)(1) and (2) and

(E)(1) and (2). The course ensures, among other things, that a senior operator or operator is capable of properly administering the breath testing device. See Appendix B to Ohio Adm. Code 3701-53-07. As an additional requirement, a senior operator must also be able to demonstrate that he or she can properly care for, maintain and calibrate the instrument. Ohio Adm. Code 3701-53-07(D)(2). Further, persons who apply for or are issued permits are subject to survey and proficiency examinations by representatives of the Department of Health. Ohio Adm. Code 3701-53-08. These permits automatically expire two years from the date issued. Ohio Adm. Code 3701-53-09(B). To qualify for issuance of a new permit, a permit holder must present sufficient evidence that he or she continues to meet the requirements established under Ohio Adm. Code 3701-53-07, and he or she must successfully complete an "in-service" course. Ohio Adm. Code 3701-53-09(C)(1) and(3).

{¶ 18} In the case at bar, testimony during the suppression hearing revealed that at the time of Young's breath test, Scharf and Rickenbacher held valid permits for operating the BAC Datamaster. According to Rickenbacher, to maintain his operator's permit he was required to take a proficiency exam every year and a written exam every two years. Rickenbacher also testified that when he took his 1993 proficiency test, Scharf and a representative from the Department of Health were present at the examination. In addition, Rickenbacher indicated that Scharf was readily accessible if any questions ever arose regarding the BAC Datamaster. In light of these facts, we disagree with Young's contention that the Dublin Police Department, in administering the breath test in question, failed to comply with former Ohio Adm. Code 3701-53-07(B).

{¶ 19} Therefore, for the foregoing reasons, we reverse the judgment of the court of appeals.

*Judgment reversed.*

M<small>OYER</small>, C.J., M.L. R<small>ESNICK</small>, R<small>ESNICK</small>, F.E. S<small>WEENEY</small>, P<small>FEIFER</small> and C<small>OOK</small>, JJ., concur.

_____