**The STATE of Ohio, Appellee,**

v.

**BORGERDING, Appellant.**

[Cite as *State v. Borgerding* (1997), 119 Ohio App.3d 632.]

Court of Appeals of Ohio,
Second District, Darke County.

No. 1417.

Decided May 23, 1997.

*Jeffrey L. Amick*, for appellee.

*John H. Rion*, for appellant.

WOLFF, Judge.

After the trial court denied his motion to suppress, Bruce Borgerding was found guilty of, among other things, operating a motor vehicle while under the influence of alcohol and was sentenced accordingly. He appeals.

On March 29, 1996, Greenville Police Officer Daniel Lenker arrested Borgerding and charged him, as relevant here, with operating a motor vehicle while under the influence of alcohol in violation of Greenville City Ordinance 434.01(A)(3). On that same day, Borgerding was given a breath test, which resulted in a reading of 0.21 grams of alcohol per two hundred ten liters of breath.

Borgerding entered a plea of not guilty and filed a motion to suppress the results of his breath test and any incriminating statements he may have made pursuant to his arrest. With respect to suppression of his breath test results, Borgerding claimed that (1) Lenker had no probable cause to arrest him for driving under the influence, (2) the breath test had not been performed by an operator who was under the "general direction" of a senior operator, (3) there had been improper radio frequency interference, (4) improper calibration had caused a defective breath test result, and (5) the breath-testing machine had not been operated within the regulations specified by the Department of Health. Borgerding attached a memorandum in support of his motion to suppress.

Prior to the August 7, 1996 hearing on the motion to suppress, the trial court *sua sponte* dismissed those portions of the motion which alleged radio frequency interference, improper calibration, and failure to comply with the Department of Health regulations in administering the breath test. The basis for the court's

decision was that neither the motion nor the memorandum in support "stated with particularity the grounds upon which it was made in terms of actually specific facts of that allegation. In other words, I am finding it to be too boilerplate."

The hearing proceeded on the other allegations in Borgerding's motion. Officer Lenker was the only witness to testify on behalf of the city of Greenville. Lenker testified that on September 14, 1995, he had been issued an operator's certificate by the Department of Health for administering breath tests with the machine in question and that he had administered the breath test on Borgerding. Lenker further testified that the Greenville Police Department employed three senior operators, Sergeant Weaver, Sergeant Gerace, and Sergeant Harrison. Lenker indicated that none of the senior operators had been present when he administered the test on Borgerding, but that he could have called the senior operators if he had had any questions about the operation of the machine, and that he had, in fact, called them on other occasions. Lenker also stated that he was not supervised by the senior operators and that their function was to check the calibration of the machine.

At the conclusion of the hearing, the trial court overruled the remainder of Borgerding's motion. On October 2, 1996, Borgerding pleaded no contest to the charge of operating a motor vehicle while under the influence of alcohol. The trial court found him guilty and imposed a ten-day sentence, with seven days stayed, and a $300 fine.

Borgerding advances two assignments of error on appeal.

"I. The trial court erred in failing to order the results of the breathalyzer suppressed, because the state failed to establish that the test was conducted under the 'general direction' of a senior operator."

Borgerding contends that the trial court should have granted his motion to suppress the results of his breath test because the state failed to establish that the test had been conducted under the "general direction" of a senior operator.

Ohio Adm.Code 3701–53–07(C) addresses who may perform an evidentiary breath test and provides as follows:

"Breath tests used to determine whether an individual's breath contains a concentration of alcohol prohibited or defined by division (A)(3) or (B)(2) of section 4511.19 * * * or any other statute or local ordinance prescribing a defined or prohibited breath-alcohol concentration shall be performed by a senior operator or an operator who is under the general direction of a senior operator. General direction does not mean that the senior operator must be physically present during the conduct of the test. A senior operator shall be responsible for

the care, maintenance, and calibration of the evidential breath testing instruments."

As the regulation expressly states, a senior operator need not be present when a breath test is given by an operator. See, also, *Aurora v. Kepley* (1979), 60 Ohio St.2d 73, 14 O.O.3d 273, 397 N.E.2d 400. Moreover, the Supreme Court of Ohio has recently held that a senior operator is not required to check the performance of an operator with respect to the use of the breath test in order for the operator to be under the "general direction" of the senior operator. *Dublin v. Young* (1996), 75 Ohio St.3d 472, 663 N.E.2d 1270, syllabus.

Borgerding argues that *Young* discussed "general direction" only in the negative, that is, it discussed only what "general direction" was not, and that the court failed to define "general direction" in the positive, that is, the court failed to explain what degree of supervision by a senior operator was necessary to substantially comply with Ohio Adm.Code 3701–53–07(C). We disagree.

In addition to concluding that a senior operator was not required to check an operator's performance with respect to the use of the breath test, the court also concluded that under the circumstances of the case before it, the operator had indeed been under the general direction of the senior operator as required by the regulation. *Young,* 75 Ohio St.3d at 475–476, 663 N.E.2d at 1272–1273. Specifically, the court noted that the operator held a valid permit for operating the machine, that a senior operator and a representative from the Department of Health had been present at the operator's proficiency examination, and that a senior operator was readily accessible if any questions ever arose regarding the machine. *Id.* at 476, 663 N.E.2d at 1273. Thus, *Young* does provide some guidance for determining whether an operator was under the general direction of a senior operator for the purposes of Ohio Adm.Code 3701–53–07(C).

Here, Lenker testified that he held a valid operator's certificate at the time he conducted the breath test on Borgerding and that if he had questions about the operation of the machine, he could call any one of the three senior operators employed by the Greenville Police Department. Although Lenker stated that he was not supervised by the senior operators, we do not believe, as Borgerding contends, that it is then impossible for him to have been under the general direction of a senior operator. As "supervise" means generally "to oversee," and a senior operator need not be present when an operator administers a breath test and need not check the performance of an operator with respect to the use of the breath test, we do not find Lenker's statement that he was not supervised by the senior operators to be inconsistent with the trial court's finding that he was under the general direction of a senior operator. Rather, we conclude, based on *Young, supra,* that the record reasonably supports

the trial court's conclusion that Lenker was under the general direction of a senior operator. Therefore, the court did not err when it overruled that portion of Borgerding's motion to suppress.

Borgerding's first assignment of error is overruled.

"II. The trial court erred in finding that the appellant's suppression motion was insufficient, and the decision overruling the motion must be reversed."

Borgerding contends that the trial court erred when it dismissed, for lack of specificity, the portion of his motion to suppress in which he alleged that there had been radio frequency interference and that the breath-testing instrument had not been operated within the regulations specified by the Department of Health. Although Borgerding does not challenge the trial court's dismissal of his allegation that improper calibration had caused a defective breath test result, in the interests of addressing the sufficiency of each of Borgerding's allegations, we will also consider this allegation.

The Supreme Court of Ohio has held that "[i]n order to require a hearing on a motion to suppress evidence, the accused must state the motion's legal and factual bases with sufficient particularity to place the prosecutor and the court on notice of the issues to be decided." *State v. Shindler* (1994), 70 Ohio St.3d 54, 636 N.E.2d 319, syllabus. In *Shindler*, the defendant moved to suppress evidence after her arrest for driving under the influence and her breath test. In the motion, she claimed that the arresting state trooper had no cause for an investigative stop and no probable cause to arrest. She also advanced several technical challenges to the admission of the test results into evidence. The court concluded that, notwithstanding the fact that the suppression motion had been copied almost verbatim from a form book, the motion stated its legal and factual basis with sufficient particularity to require a hearing. Applying *Shindler* in *State v. Palmer* (Mar. 8, 1995), Clark App. No. 3085, unreported, 1995 WL 96859, we observed that the *Shindler* court had concluded that the technical challenges to the breath test were sufficient even though there appeared to have been no case-specific allegations made.

With respect to Borgerding's allegations that there had been radio frequency interference and improper calibration, and that the breath-testing instrument had not been operated within the regulations specified by the Department of Health, the entire argument in Borgerding's memorandum in support of his motion to suppress is as follows:

"Further, it is the position of the Defendant that the results of the breathalyzer should be suppressed for the reasons that the breathalyzer machine was not operated within the regulations specified by the Department of Health. Additionally, the R.F.I. and improper calibration caused a defective result in this case.

See, *State v. Martin* (1991), 61 Ohio Misc.2d 448 [579 N.E.2d 808]. Specifically, the Defendant is alleging that the State has failed to comply with O.A.C. §§ 3701–53–02 and 3701–53–04.

"Further, the operator is required to follow all of the regulations and procedures, and that was not done in this case."

■ In our judgment, Borgerding's claims that the machine had not been operated within the regulations specified by the Department of Health and that the operator had not followed all of the regulations and procedures are too general to put the state and the court on notice of the issues to be decided. Borgerding has not specifically stated in what way the machine was not operated within the regulations or how the operator failed to follow the regulations and procedures. Nor has he cited any of the conceivably applicable regulations. The state cannot be expected to anticipate and prepare to address every possible violation of the Department of Health regulations without any indication as to which violation was alleged to have occurred.

■ On the other hand, we conclude that Borgerding's claims that radio frequency interference and improper calibration caused a defective breath test result were stated with sufficient particularity to provide notice of the basis of his challenge. These allegations adequately inform the state that Borgerding is challenging his breath test results because he believes that his test was not conducted free of any radio transmissions from within the affected radio frequency zone and because the testing instrument was not calibrated properly. Moreover, Borgerding cited the specific regulations, Ohio Adm. Code 3701–53–02 and 3701–53–04, which he believes to have been violated. Although Borgerding did not cite specific subsections within these regulations, such citation does not appear to be necessary under *Shindler, supra.* We note, however, that these two regulations are implicated only to the extent of Borgerding's claims of radio frequency interference and improper calibration. The state is not required to establish substantial compliance with each subsection of Ohio Adm.Code 3701–53–02 and 3701–53–04 merely because Borgerding did not cite the specific subsections he was challenging.

Borgerding's allegations that radio frequency interference and improper calibration caused a defective breath test result were sufficient to put the court and the state on notice of the issues raised. Accordingly, the trial court erred in not holding an evidentiary hearing on that portion of the motion to suppress. We note that our decision here is not inconsistent with that in *State v. Husman* (June 14, 1996), Montgomery App. No. 95–TRC–2103, unreported, 1996 WL 339936, wherein we affirmed the trial court's decision to overrule a portion of a motion to suppress due to lack of specificity. Similarly to here, the motion stated:

"It is the position of the Defendant that the results of the breathalyzer should be suppressed for the reason that the breathalyzer machine was not operated within the regulations specified by the Department of Health. Specifically, the R.F.I. caused a defective result in this case."

In *Husman*, however, we noted that defense counsel had "candidly admitted" that there was no factual basis for the allegations in the motion to suppress. We have no such concession by defense counsel in this case.

Borgerding's second assignment of error is sustained.

The judgment of the trial court is reversed, and the cause is remanded for proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

FREDERICK N. YOUNG, P.J., and BROGAN, J., concur.