DECISION AND JUDGMENT ENTRY
This is an accelerated appeal from a judgment of the Ottawa County Municipal Court, wherein appellant, John A. Savage, was convicted of driving with a prohibited breath alcohol level in violation of R.C. 4511.19(A)(3).
Appellant was stopped for a minor traffic violation and subsequently arrested for driving under the influence of alcohol. He agreed to submit to a breath alcohol test. The test results indicated a blood alcohol concentration level of .114. Appellant was charged with violating R.C. 4511.19(A)(3) (operating a motor vehicle with a prohibited concentration of alcohol), R.C.4511.19(A)(1) (operating a motor vehicle while under the influence of alcohol), and R.C. 4511.25 (failure to drive within marked lanes).
After his arrest, appellant filed a motion to suppress. A portion of this motion attacked the results of the breath alcohol test by arguing that (1) the breath-testing device was not subjected to an instrument check, as required under Ohio Adm. Code3701-53-04(A), within seven days of his test; and (2) the Director of the Ohio Department of Health ("ODH") abused his discretion in adopting the rules for conducting breath testing, as found in Ohio Adm. Code 3701-53-04. With regard to the last contention, appellant argued that the director of the ODH abused his discretion (1) in approving the BAC Datamaster breathalyzer without testing the same on a human being; (2) in approving the BAC Datamaster without establishing a written policy or procedure concerning minimum standards for acceptance or rejection of breath-testing machines; (3) by sending BAC Datamaster machines directly to law enforcement agencies without determining whether the breath-testing equipment met the same standards as when initially certified; (4) by replacing the prior form of the Radio Frequency Interference Survey ("RFI") with a procedure inadequate to ensure the reliability of breathalyzer results; (5) by not requiring duplicate breath alcohol testing, that is, by not requiring law enforcement to administer two separate breath alcohol tests; and (6) by failing to require more frequent instrument checks.
The municipal court denied this portion of appellant's motion finding that it was insufficient on its face, as a matter of law, to require a hearing. In particular, the court noted that appellant failed to set forth factual allegations justifying relief and that the court was required to give due deference to "statutes."
Appellant then entered a plea of no contest, was found guilty and sentenced. His sentence was stayed pending this appeal.
In his sole assignment of error, appellant asserts:
 "THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT-APPELLANT IN DENYING HIM A HEARING ON HIS PROPERLY FILED MOTION TO SUPPRESS."
Pursuant to R.C. 4511.19(D)(1), evidence of the concentration of alcohol in a defendant's breath is admissible to prove a violation of, among other sections, R.C. 4511.19(A)(3). The amount of alcohol in the breath must be analyzed in accordance with methods approved by the Director of Health and issued by the Director of Health under R.C. 3701.43. R.C. 4511.19(D)(1). These regulations are found in Ohio Adm. Code 3701-53.
In Defiance v. Kretz (1991), 60 Ohio St.3d 1, syllabus, the Ohio Supreme Court determined that a pre-trial motion to suppress was the proper procedural vehicle to challenge the admissibility of breath alcohol test results. See, also, State v.French (1995), 72 Ohio St.3d 446. However, in abandoning the traditional precept that a pre-trial motion to suppress is a method in which to address only alleged constitutional violations, the court has since been quick to point out that:
 "[E]ven though Kretz established that a motion to suppress is the proper way to challenge breath-alcohol results, it is crucial to recognize that when such a motion is granted in a Kretz-type case, the trial court is actually making what is essentially an evidentiary ruling, and is not applying the exclusionary rule in its customary form. Decisions such as Kretz and French are a specific narrow departure, for essentially pragmatic reasons, by this court from settled law regarding suppression of evidence, and the principles developed in these cases must be narrowly construed." Hilliard v. Elfrink, (1996), 77 Ohio St.3d 155, 158.
Most of the arguments raised by appellant in his motion to dismiss are challenges to the validity of the rules governing the approved methods of obtaining a breath alcohol concentration for evidentiary purposes in the prosecution of a R.C.4511.19(A)(1)-(4) case. They are not challenges to the admissibility of evidence obtained under these rules. Thus, appellant's contentions fall outside the scope of the exception created in Kretz and are not the proper subject matter of a pre-trial motion to suppress[1]. Even though the trial court apparently considered the merits of these contentions in denying appellant's motion to suppress, we find that the result reached was correct, but for the wrong reason. Agricultural Ins. Co. v.Constantine (1944), 144 Ohio St. 275, 284; Jackson v. Ohio Bur. ofWorkers' Comp. (1994), 98 Ohio App.3d 579. Therefore, appellant's assignment of error as it relates to most of the issues raised in his motion to suppress is found not well-taken.
Nevertheless, appellant did set forth one assertion in his motion to suppress that warranted an evidentiary hearing. Ohio Adm. Code 3701-53-04(A) requires an instrument check on approved evidential breath-testing instruments no less frequently than once every seven days in accordance with the appropriate instrument checklist as set forth in the rule. In his motion, appellant maintained that the instrument check was not performed within the mandatory time limit. Appellant also made a specific reference to Ohio Adm. Code 3701-53.
In State v. Shindler (1994), 70 Ohio St.3d 54, syllabus, the Ohio Supreme Court held that a hearing is required when a motion to suppress states "the motion's legal and factual bases with sufficient particularity to place the prosecutor and the court on notice of the issues to be decided." Stating a specific rule in conjunction with a citation to the relevant Ohio Administrative Code section is sufficient to satisfy the standard set forth in Shindler. State v. Borgerding (1997), 119 Ohio App.3d 632,637; State v. Williams (Apr. 24, 1998), Montgomery App. No. 16554, unreported. Accordingly, appellant's motion to suppress was specific enough on the issue of an instrument check to justify a hearing on that issue only. Therefore, the trial court did err in this regard, and appellant's assignment of error is found well-taken as to this question.
The judgment of the Ottawa County Municipal Court is affirmed, in part, and reversed, in part. This cause is remanded to that court for further proceedings consistent with this judgment. Costs of this appeal assessed equally between appellant and appellee.
JUDGMENT AFFIRMED, IN PART, AND REVERSED, IN PART.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
 _______________________________ Melvin L. Resnick, J., JUDGE
 _______________________________ James R. Sherck, J., JUDGE
 _______________________________ Richard W. Knepper, J., JUDGE
CONCUR.
[1] Of course a defendant may still challenge the reliability, and therefore the admissibility of the resulting evidence, of the procedures followed by the Director of Health in a particular case. See, e.g., State v. Taylor (Nov. 19, 1999), Ottawa App. No. OT-99-040, unreported (challenging the director's approval of a particular batch of solution used to perform an instrument check on a breath testing machine).