OPINION
{¶ 1} The State of Ohio appeals the decision of the Belmont County Court, Northern Division, which granted defendant-appellee Courtney R. Fistler's motion to suppress her breath test results on the grounds that the calibrating officer's permit was expired. The issue before us is whether the state established substantial compliance with an administrative regulation where the Director of Health placed a two-year expiration date on the officer's permit rather than the new one-year expiration date even though the regulation with the new expiration date became effective before the officer's permit was issued. For the following reasons, the judgment of the trial court is affirmed.
 STATEMENT OF THE CASE {¶ 2} On February 17, 2004, the Ohio State Highway Patrol administered a breath test to appellee. Based on the results of the test, appellee was arrested for driving with a prohibited blood alcohol content in violation of R.C. 4511.19(B)(3), which is the division with the legal limit reduced due to appellee being under the age of twenty-one.
 {¶ 3} The relevant breath test machine had been calibrated by Sergeant Criss at the St. Clairsville Post on February 15, 2004 and February 22, 2004. His permit was issued on October 17, 2002 and stated that it expired on October 17, 2004.
 {¶ 4} Appellee filed a motion to suppress her breath test on the grounds that the sergeant's permit actually expired on October 17, 2003. Appellee noted that Ohio Administrative Code3701-53-09(C) changed the expiration date from two years to one year. This change was effective September 30, 2002, before the pertinent permit was issued.
 {¶ 5} The state responded merely by submitting an affidavit from the Director of Health, dated December 1, 2003 (prior to the occurrences in this case). The Director of Health stated in part:
 {¶ 6} "To implement a smooth transition from a two-year permit to a one-year permit, I applied the rule in effect at the time of receipt of the application. Both the previous rule and the current rule allow for renewal applications to be submitted within six months prior to the expiration date on the permit. Therefore, for renewal applications received prior to September 30, 2002, I applied the rule in effect prior to September 30, 2002 and issued renewal permits to be in effect for two years. For renewal applications received on or after September 30, 2002, I applied the current rule and issued permits to be in effect for one year."
 {¶ 7} Appellee countered that the Director violated the plain language of Ohio Adm. Code 3701-53-09(C), which she noted explicitly states, "Permits issued under paragraphs (A) and (B) of this rule shall expire one year from the date issued * * *." She emphasized that the regulation specifies that the expiration period runs from the date of issuance, not from the date of application.
 {¶ 8} On April 14, 2004, the Belmont County Court held that Ohio Adm. Code 3701-52-09(C) was unambiguous and definite on its face and thus must be applied as written. The court noted that the regulation contains no language or express intent to apply the two-year expiration date to a permit that was applied for prior to the September 30, 2002 effective date but issued after such effective date. The court declared that the regulation clearly expresses that all permits issued after the effective date will be valid for only one year. The trial court concluded that the calibrating officer lacked a valid permit; that substantial compliance with the regulation was lacking, that the State was unable to establish the reliability of the breath test result, and that the result of the breath test must be suppressed.
 {¶ 9} The state filed a timely notice of appeal and Crim.R. 12(K) certification on April 19, 2004. Although Crim.R. 12(K) places such a state's appeal on an expedited calendar, the state's brief was not filed until August 10, 2004. Since we granted the extensions to the state, we also granted extensions to appellee.
 ASSIGNMENT OF ERROR {¶ 10} The state's sole assignment of error contends:
 {¶ 11} "The trial court committed error in granting the motion to suppress the appellee's breath test."
 {¶ 12} The state argues that Ohio Adm. Code 3701-53-09(C) is silent with respect to permits applied for under the prior version. Thus, they conclude that because there is no express language prohibiting it, the Director of Health has discretion to issue two-year permits to such applicants.
 {¶ 13} The accuracy of breath tests is critical in determining the outcome of a strict liability offense such as prohibited blood alcohol content. See Defiance v. Krentz
(1991), 60 Ohio St.3d 1, 5-6. After the defendant files a motion to suppress outlining its allegations of how the state failed to comply with administrative regulations governing breath analysis, the state is faced with the burden of proving that it complied with the relevant administrative regulation. State v. Plummer
(1986), 22 Ohio St.3d 292, 294. This compliance need be substantial, although not strict. Id.; State v. Burnside,100 Ohio St.3d 152, 2003-Ohio-5372, at ¶ 27. Thus, the state must show substantial compliance with Ohio Adm. Code 3701.53-09(C) in order for the breath test result to be admissible. See Id. See, also, State v. Lake, 151 Ohio App.3d 378, 2003-Ohio-332, at ¶13.
 {¶ 14} An administrative agency is given discretion to determine its own rules but not in a way other than what the words of the rule demand. See, e.g., Morningview CareCenter-Fulton v. ODHS, 148 Ohio App.3d 518, 2002-Ohio-2878. Thus, a reviewing court can only choose to defer to administrative interpretation of a regulation where that interpretation is consistent with the plain language of the regulation itself. State ex rel. Saunders v. Indus. Comm.,101 Ohio St.3d 125, 130, 2004-Ohio-339. As in the general rules of statutory construction, if a regulation is clear and unambiguous, then it must be applied as written. Id.; Morningview, supra;Linden Med. Pharm., Inc. v. OSBP (May 8, 2001), 10th Dist. No. 00AP-641, *6.
 {¶ 15} Ohio Adm. Code 3701-53-09 provides in part:
 {¶ 16} "(B) Individuals desiring to function as senior operators or operators shall apply to the director of health for permits on forms prescribed and provided by the director of health. A separate application shall be filed for each type of evidential breath testing instrument for which the permit is sought.
 {¶ 17} "The director of health shall issue appropriate permits to perform tests to determine the amount of alcohol in a person's breath to individuals who qualify under the applicable provisions of rule 3701-53-07 of the Administrative Code. Individuals holding permits issued under this rule shall use only those evidential breath testing instruments for which they have been issued permits.
 {¶ 18} "(C) Permits issued under paragraphs (A) and (B) ofthis rule shall expire one year from the date issued, unless revoked prior to the expiration date. An individual holding a permit may seek renewal of an issued permit by the director under paragraphs (A) and (B) of this rule by filing an application with the director no sooner than six months before the expiration date of the current permit. The director shall not renew the permit if the permit holder is in proceedings for revocation of his or her current permit under rule 3701-53-10 of the Administrative Code." (Emphasis added).
 {¶ 19} As the trial court stated, the relevant language is clear and unambiguous. The regulation definitively states that permits issued after the effective date of the regulation expire one year from the date of issuance. Neither the Director of Health nor this court can add language to such a rule in order to come to the conclusion that even though the permit is issued after the regulation's effective date, the old two-year expiration date applies as long as the operator applied prior to the effective date. Hence, the trial court's decision that the permit was expired was correct.
 {¶ 20} The state then argues that even if the Director of Health did not have authority to apply the rule as he did, the breath test result is still admissible because the expired permit goes to the weight of the evidence, not admissibility. The state cites a Fifth District appellate case and a Cleveland Municipal Court case. The Fifth District did mention that the failure to have a valid permit does not render the test inadmissible as long as the test was performed by a competent, qualified person who used accepted practice. State v. Baker, 5th Dist. No. 03CA77, 2004-Ohio-1769, at ¶ 33. See, also, City of Cleveland v.Hafferty (1998), 94 Ohio Misc.2d 79. However, this statement was dicta. The court had already held that the operators' permits were not expired because they were issued prior to the new regulation's September 30, 2002 date. Id. at ¶ 32 (specifying that "the new one year expiration period applies only to permits issued after September 30, 2002").
 {¶ 21} Regardless, it is the law of this court that is relevant. We have decided a case where the calibrating operator had performed the relevant calibration after his permit had expired and while he was awaiting receipt of his new permit.City of East Palestine v. Abdalla (Nov. 22, 1995), 7th Dist. No. 94C50. We found that because the record reflected that the permit was issued after the calibration test, the calibration was performed by a person without a valid permit to do so. Id. We concluded that where there is no valid calibration performed within seven days of the breath test at issue, the breath test result is inadmissible. Id., citing State v. Bayer (Jan. 16, 1991), 1st Dist. No. C-900255 and State v. Anderson (Dec. 9, 1987), 1st Dist. No. C-870046 (which held that a breath test administered by one with an expired permit is inadmissible).
 {¶ 22} Approved evidential breath testing equipment shall be calibrated no less frequently than once every seven days by a senior operator. Ohio Adm. Code 3701-53-04(A). One can only become and stay a senior operator capable of calibrating a machine which produces results worthy of admittance as evidence in court if one meets certain guidelines and passes certain tests. Dublin v.Young (1996), 75 Ohio St.3d 472, 476. This is important in order to prove that the operator can properly care for, maintain, and calibrate the instrument. Id.
 {¶ 23} The Director of Health apparently believed reapplication was necessary more often than every two years in order to keep the tests reliable. Thus, he engaged himself in the promulgation of a new regulation with a one-year expiration date. As aforementioned, a permit issued after the effective date of the new regulation can only be valid for one year. A machine calibrated by one whose permit is invalid does not produce results admissible as evidence in court. As such, the trial court properly excluded the test results.
 {¶ 24} For the foregoing reasons, the judgment of the trial court is hereby affirmed.
Waite, P.J., concurs.
Donofrio, J., concurs.