OPINION
{¶ 1} On May 6, 2004, defendant-appellant, Pamela Sagraves, was arrested and charged with operating a vehicle while under the influence of alcohol in violation of Westerville Codified Ordinances 333.01(A)(1) and operating a motor vehicle with a prohibited alcohol concentration in violation of Westerville Codified Ordinances 333.01(A)(8). Appellant initially appeared in Westerville Mayor's Court and entered a not guilty plea. The case was transferred to the Franklin County Municipal Court upon appellant's request for a jury trial.
 {¶ 2} On July 30, 2004, appellant filed a "Motion to Dismiss for Lack or [sic] Probable Cause or Suppress Field Sobriety Tests" with an accompanying memorandum in support, and requested an evidentiary hearing. Appellant argued dismissal was warranted on grounds the arresting officer lacked probable cause to arrest her. Alternatively, appellant requested the court to suppress the results of the field sobriety tests on grounds the tests were not administered in compliance with standardized testing procedures.
 {¶ 3} On the same date, appellant filed a "Motion to Suppress and/or Dismiss" with an accompanying memorandum in support. Appellant urged dismissal upon grounds that the arresting officer had neither reasonable suspicion to stop her nor probable cause to arrest her. In the alternative, appellant sought to suppress the results of field sobriety and chemical tests administered to her, statements taken from or made by her, observations and opinions of the arresting officer regarding her sobriety, and evidence relating to her refusal to submit to testing. The memorandum in support alleged that the arresting officer did not have reasonable suspicion to stop her or probable cause to arrest her, that she was not properly advised of implied consent provisions prior to submitting to the breathalyzer test, and that statements taken from her were obtained in violation of her constitutional rights. The memorandum further provided:
Before the results of an alcohol test given a Defendant are admissible in evidence, it is incumbent upon the State to show that the instrument was in proper working order, that its manipulator had the qualifications to conduct the test, and that such test was made in accordance with the Ohio Department of Health Regulations, as well as the test being performed within the two (2) hour testing limitation of Ohio Revised Code, Section 4511.19 (B)[.]
 {¶ 4} The parties appeared before the trial court on August 30, 2004 for a motion hearing. Appellee, state of Ohio, moved to strike appellant's motion on grounds it was untimely filed in contravention of Crim.R. 12(D) and did not state with particularity the legal and factual grounds upon which appellant sought relief in contravention of Crim.R. 47.
 {¶ 5} Following a lengthy discussion, the court determined not to strike appellant's motion on the basis that it was not timely filed. However, the court found that the motion did not set forth with sufficient particularity the grounds for suppressing the results of the breathalyzer test and dismissed that portion of the motion, stating:
[The motion] sort of goes through almost a reminder that it is incumbent upon the State to show that the instrument was in proper working order, that the operator was qualified, that the ODH regulations were complied with * * *.
* * * [The motion] is not stating that there is anything improper; it's just saying that, before the results of an alcohol test given a defendant are admissible, it's incumbent upon the State to show that all these things were in proper working order, that the operator was qualified and ODH regs were complied with. So I am not seeing with any specificity or particularity any claims that put the prosecution on notice that something was not specifically done. It looks and reads to me just that it is a reminder that these things must be complied with.
(August 30, 2004 Motion Hearing Tr., at 12-13.)
 {¶ 6} Thereafter, appellant conceded that appellee could meet its burden of proof with regard to reasonable suspicion, probable cause, custodial statements and implied consent and requested that the case be set for trial.
 {¶ 7} On September 28, 2004, appellant entered a no contest plea to the charge of operating a vehicle with a prohibited alcohol concentration and stipulated that there were sufficient facts to support a finding of guilt. The court found appellant guilty and imposed sentence.[1]
 {¶ 8} Appellant timely appeals, advancing a single assignment of error:
The trial court erred in finding that the appellant's motion to suppress was insufficient to put the prosecution on notice concerning the appellant's challenge of the Intoxilyzer 5000.
 {¶ 9} Appellant contends the trial court erred in denying her a hearing on the portion of her motion to suppress relating to appellee's alleged failure to comply with statutory provisions and the Ohio Department of Health ("ODH") regulations in administering the breathalyzer test. Appellant argues her motion challenging the results of the breathalyzer test was sufficiently specific to entitle her to a hearing.
 {¶ 10} Preliminarily, we note that Crim.R. 12 does not mandate an evidentiary hearing on every motion to suppress. State v. Hensley
(1992), 75 Ohio App.3d 822, 829. As such, we review a trial court's decision not to hold an evidentiary hearing under an abuse of discretion standard. Id.; State v. Gozdan, Carroll App. No. 03 CA 792, 2004-Ohio-3209, at ¶ 6, citing City of Solon v. Mallion (1983), 10 Ohio App.3d 130,132; State v. Miller (Mar. 16, 1994), Hamilton App. No. C-930290. An abuse of discretion implies an unreasonable, unconscionable or arbitrary attitude on the part of the trial court. State v. Adams (1980),62 Ohio St.2d 151, 157.
 {¶ 11} Motions in criminal proceedings are governed by Crim.R. 47, which provides:
An application to the court for an order shall be by motion. A motion, other than one made during trial or hearing, shall be in writing unless the court permits it to be made orally. It shall state with particularity the grounds upon which it is made and shall set forth the relief or order sought. It shall be supported by a memorandum containing citations of authority, and may also be supported by an affidavit.
To expedite its business, the court may make provision by rule or order for the submission and determination of motions without oral hearing upon brief written statements of reasons in support and opposition.
 {¶ 12} In City of Xenia v. Wallace (1988), 37 Ohio St.3d 216, the Supreme Court of Ohio noted that while the burden of proof falls upon the prosecution to demonstrate the validity of a warrantless search, "the prosecutor cannot be expected to anticipate the specific legal and factual grounds upon which the defendant challenges the legality of a warrantless search." Id. at 218. The court found that Crim.R. 47 "requires that the prosecution be given notice of the specific legal and factual grounds upon which the validity of the search and seizure is challenged." Id. at 219. The court further noted that the rule is not solely for the benefit of the prosecution, but also serves to permit the trial court to prepare for a hearing. "[T]he court must know the grounds of the challenge in order to rule on evidentiary issues at the hearing and properly dispose of the merits." Id. Accordingly, the court placed the burden upon the defendant in a criminal case to "make clear the grounds upon which he [or she] challenges the submission of evidence pursuant to a warrantless search." Id.
 {¶ 13} In State v. Shindler (1994), 70 Ohio St.3d 54, the Supreme Court of Ohio analyzed Crim.R. 47 as applied to motions to suppress in drunk driving cases. The defendant filed a motion to suppress listing seven grounds for suppression pertaining to the state's administration of a breathalyzer test. Each of the seven allegations listed the specific statute, regulation, subsection and constitutional right alleged to be violated. The motion also included many specific factual allegations pertaining to each purported infraction. For example, the defendant asserted the tests were not taken voluntarily; the individual administering the test did not conduct the test in compliance with the required operator's checklist; the testing instrument was not properly surveyed to determine radio frequency interference ("RFI"); the equipment operator did not insure that the test was conducted free of any RFI; the testing instrument was not properly calibrated; and the equipment operator was not properly licensed.
 {¶ 14} The trial court overruled the motion, finding that the defendant's "shotgun" and "boilerplate" motion did not justify an evidentiary hearing. The defendant was subsequently convicted of driving under the influence, driving with a prohibited alcohol concentration, and speeding. The court of appeals reversed the convictions, holding that the defendant was entitled to a hearing on the motion. Finding its judgment to be in conflict with a decision of another appellate district, the court of appeals certified the record of the case to the Supreme Court of Ohio for review and final determination.
 {¶ 15} The Supreme Court of Ohio held at the syllabus:
In order to require a hearing on a motion to suppress evidence, the accused must state the motion's legal and factual bases with sufficient particularity to place the prosecutor and the court on notice of the issues to be decided. (Crim.R. 47 and Xenia v. Wallace [1988],37 Ohio St.3d 216, 524 N.E.2d 889, construed and followed.)
Noting that the defendant's motion was a virtual copy of a sample motion to suppress included in a legal handbook, the court concluded that the defendant fully complied with Crim.R. 47, as the motion and memorandum "stated with particularity the statutes, regulations and constitutional amendments she alleged were violated, set forth some underlying factual basis to warrant a hearing, and gave the prosecutor and court sufficient notice of the basis of her challenge." Id. at 58.
 {¶ 16} Appellant contends the language employed in her motion rises to the level of specificity required by the court in Shindler. We disagree. The portion of appellant's motion to suppress addressing appellee's duty to comply with statutory provisions and ODH regulations when administering a breathalyzer test does not state with sufficient particularity a legal and factual basis for relief. Indeed, the motion does not allege that appellee in any way failed to comply with applicable statutes and regulations. The motion asserts only that appellee must demonstrate that the breathalyzer was in proper working order, that the operator was qualified to administer the breathalyzer test, that ODH regulations were followed, and that the test was conducted within the two-hour window set forth in R.C. 4511.19. The motion does not allege that appellee failed to comply with any of these requirements. In particular, the motion does not cite any specific ODH regulations alleged to be violated, and provides no underlying factual support to warrant a hearing. Although the motion cites one statutory provision, it does not allege that the provision was violated, and provides no underlying factual support justifying a hearing.
 {¶ 17} Several Ohio appellate cases have found motions to suppress stated with more particularity than appellant's insufficient to comply with the mandates of Crim.R. 47 and Shindler. In State v. Neuhoff
(1997), 119 Ohio App.3d 501, the defendant filed a motion to suppress challenging the RFI survey. The motion contained 13 numbered paragraphs alleging that the state had violated every requirement needed to perform a proper RFI survey. The motion contained no other facts. The trial court overruled the motion following an evidentiary hearing. The defendant pled no contest and was found guilty. On appeal, the defendant argued that the trial court erred in overruling the motion to suppress. In particular, the defendant maintained that the state failed to conduct a proper RFI survey of hand-held radio units.
 {¶ 18} The court of appeals noted that only one allegation contained in the motion to suppress mirrored the issue on appeal. That allegation stated:
The breath testing instrument was not properly surveyed to determine radio frequency interference by two qualified police officers utilizing two radios and surveying from all positions the hand held, mobile and base radios required by OAC 3701-53-02(C) and Appendix H.
The court found that "this allegation does not state the factual basis with sufficient particularity to put the state on notice that appellant was going to specifically challenge the fact that Trooper Szabo could not see Lieutenant Hatten the entire time he was conducting the RFI survey." Id. at 505. The court distinguished Shindler on grounds that the defendant therein set forth both a list of legal reasons for suppressing the breathalyzer test and facts in support of those legal reasons. In contrast, the court noted that the motion at issue did not contain any factual allegations in support of the legal reasons for suppression.
 {¶ 19} In State v. Zink (Sept. 4, 1996), Summit App. No. 17484, the defendant filed a motion to suppress the results of a breathalyzer test. The motion stated:
* * * [T]he State of Ohio cannot prove substantial compliance with Ohio Revised Code Sections 4511.19(D) and 4511.191(A) through (D) and the Ohio Department of Health Regulations under O.A.C. 3701-53-01 et seq., including but not limited to the requirements for breath tests under O.A.C. 3701-53-02, the calibration requirements for breath tests under O.A.C. 3701-53-04, and the requirements of O.A.C. 3701-53-09, therefore requiring the results of the alcohol tests given to Defendant be suppressed for the purpose of trial. Defendant asserts that the violation of these statutory provisions deprived her of due process of law under the United States and Ohio Constitutions.
 {¶ 20} The court of appeals found that the defendant's assertion that the state did not substantially comply with alcohol testing requirements did not provide the requisite legal and factual basis necessary to put the prosecutor and the court on notice as to what the specific issues were to be decided. The court stated that unlike Shindler, the defendant's motion did not allege the particular statute, regulation, subsection and constitutional right violated. The court noted that the state could not be expected to anticipate and prepare to address every possible violation of R.C. 4511.19(D), 4511.191(A) through (D) and ODH regulations under Ohio Adm. Code 3701-53-01 et seq. without some indication as to which violation was alleged to have occurred. The court also noted that there must be some factual basis in the motion to indicate that there is some substance to the motion and not "just a shotgun approach achieved by merely `wrapping the administrative code in a folder and filing it.'" Id., quoting State v. Hensley (1992),75 Ohio App.3d 822, 829. The court concluded that the trial court did not err in failing to grant the defendant a hearing on the motion, as the motion was "totally inadequate because it merely listed every possible rule and regulation that might conceivably be applicable; there were no specific facts or supporting evidentiary materials." Id.
 {¶ 21} In State v. Borgerding (1997), 119 Ohio App.3d 632, a case relied upon by appellant, the defendant filed a motion to suppress the results of his breathalyzer test, claiming that: the arresting officer had no probable cause to arrest him for driving under the influence; the breathalyzer test had not been performed by an operator who was under the "general direction" of a senior operator; the RFI was improper; improper calibration caused a defective breathalyzer test result; and the breathalyzer had not been operated within the regulations specified by ODH. Prior to the hearing on the motion to suppress, the trial court sua sponte dismissed those portions of the motion which alleged improper RFI, improper calibration, and failure to comply with ODH regulations. With respect to those allegations, the memorandum in support stated:
* * * [I]t is the position of the Defendant that the results of the breathalyzer should be suppressed for the reasons that the breathalyzer machine was not operated within the regulations specified by the Department of Health. Additionally, the R.F.I. and improper calibration caused a defective result in this case. [Citation omitted.] Specifically, the Defendant is alleging that the State has failed to comply with O.A.C. §§ 3701-53-01 and 3701-53-04.
Further, the operator is required to follow all of the regulations and procedures, and that was not done in this case.
 {¶ 22} The court of appeals held that the defendant's claims that the machine had not been operated within the regulations specified by ODH and that the operator had not followed all of the regulations and procedures were too general to put the state and the court on notice of the issues to be decided. Id. at 637. In so finding, the court asserted that the defendant had not specifically stated in what way the machine was not operated within the regulations or how the operator failed to follow the regulations and procedures and had not cited any of the conceivably applicable regulations. Id. The court noted that the state could not be expected to anticipate and prepare to address every possible violation of ODH regulations without any indication as to which violation was alleged to have occurred. Id.
 {¶ 23} The Borgerding court did not, as appellant asserts in her brief, "order the Appellant to be more specific which the Appellant did and was able to proceed to a hearing on her motion." (Appellant's brief, at 7.) Rather, the court upheld the trial court's decision to dismiss the portion of the motion discussed above and reversed the trial court's decision relating to the remaining portions of the motion. The court required a hearing only on the issues it deemed had been stated with sufficient particularity.
 {¶ 24} As in Neuhoff, Zink, and Borgerding, the portion of appellant's motion at issue does not state with sufficient particularity a legal and factual basis for relief. The motion asserts only that the state must comply with applicable statutes and regulations; it does not allege that the state violated any of these requirements. The motion does not cite any specific ODH regulations alleged to be violated. Although the motion cites one statutory provision, it does not allege that the provision was violated. In addition, assuming arguendo that the motion cited specific regulations and statutes alleged to be violated, it provides absolutely no factual basis to support any alleged violations.
 {¶ 25} Having determined that appellant's written motion to suppress did not sufficiently challenge the results of her breathalyzer test, we must next address appellant's contention that she raised the issues underlying the motion orally prior to the hearing. Appellant further contends that, as a result, appellee "had all the appropriate people subpoenaed," and that these witnesses were present at the hearing and ready to testify. (Appellant's brief, at 6.) Appellant further points to appellee's statement in its memorandum contra that it "[was] prepared to introduce evidence that will demonstrate that all mandates of the Ohio Revised Code and regulations of the Ohio Department of Health were followed in this case" as confirmation that the prosecution was "ready, willing and able at trial to defend Appellant's motions." (Appellant's brief, at 6, quoting appellee's August 4, 2004 Memorandum Contra, at 5.)
 {¶ 26} Appellee maintains that the record makes clear that it was not provided sufficient notice of all the issues appellant sought to raise at the hearing. The transcript of the August 30, 2004 hearing reveals appellee's acknowledgement that, prior to the hearing, appellant orally raised an issue related to the state's alleged noncompliance with ODH regulations in administering the breathalyzer test. Noting that the issue was not specifically raised in appellant's written motion, appellee asserted it was not prepared to respond to the allegation. In particular, appellee asserted that witnesses crucial to the presentation of its case had not been subpoenaed due to appellant's failure to timely apprise appellee of this issue. Appellee moved the court to dismiss the motion for lack of specificity; alternatively, appellee sought a continuance in the event the court determined it would permit appellant to orally supplement her written motion.
 {¶ 27} Appellant countered that appellee had been sufficiently apprised of the legal and factual grounds upon which she sought relief as evidenced by the assertion in its memorandum contra that it was prepared to introduce evidence demonstrating that all statutory mandates and ODH regulations were followed in administering the breathalyzer test. Appellant further argued that issues regarding the state's alleged noncompliance with ODH regulations could not be fully explored until such time as appellee provided the pertinent evidence at the hearing on the motion to suppress.
 {¶ 28} A trial court has discretion to determine whether to permit a defendant to add additional issues at a hearing on a previously filed motion to suppress. State v. Mixner (Jan. 22, 2002), Warren App. No. CA2001-07-074, citing State v. Wells (1983), 11 Ohio App.3d 217,219-220. Under the circumstances herein, we conclude that the trial court did not abuse its discretion in not allowing appellant to orally supplement her written motion to suppress. Initially, we note that we do not interpret appellee's blanket assertion in its memorandum contra as an admission by appellee that it was provided proper notice of or was prepared to address every one of the numerous defenses that could be raised by appellant. As noted by the Borgerding court, "[t]he state cannot be expected to anticipate and prepare to address every possible violation of the Department of Health regulations without any indication as to which violation was alleged to have occurred." Id. at 637. Crim.R. 47 and Shindler clearly require a defendant to state in his or her motion to suppress both the legal and factual bases for challenging the results of a breathalyzer test with sufficient particularity to place the prosecution and the court on notice of the issues to be decided. The mere assertion by the state in a memorandum contra that it believes it will be able to produce evidence to demonstrate compliance with legal requirements should not be utilized to relieve a defendant of this burden.
 {¶ 29} Moreover, "the request to supplement the issues and the prosecution's agreement to the addition must be clearly stated on the record." Mixner, supra. Here, the record does not reflect an unequivocal request by appellee to supplement its written motion. Further, appellee expressly stated that it was not prepared to address additional issues, having been denied the opportunity to subpoena witnesses crucial to its case by appellant's failure to formally assert her challenges in her written motion. As noted in Mixner, "[d]iscussions off the record, statements of the issues, presenting evidence or questioning on an additional issue are not sufficient ways to formally supplement the issues in a motion to suppress." Id.
 {¶ 30} Finally, we are compelled to comment upon an assertion made by appellant at the hearing, i.e., that issues regarding the state's alleged noncompliance with ODH regulations could not be fully explored until such time as appellee provided the pertinent evidence at the hearing on the motion to suppress. More particularly, in response to appellee's request to strike appellant's motion to suppress for lack of particularity, appellant stated:
[Y]ou have got to keep in mind that, as a defense attorney, I don't know exactly everything they have done until we have had a motion hearing to find out exactly how their processes have gone. I can't tell you with specifics that they didn't cross this T or dot that I. As you well know, they must cross every T and dot every I to abide by the Department of Health regulations. There is no way possible for me to know whether or not they have filed their application with the Department of Health without them coming in a showing me they did that. That's the only way we can find that out.
(August 30, 2004 motion hearing Tr., at 6.)
 {¶ 31} A review of the record reveals that the judgment entry transferring the case from Westerville Mayor's Court to the Franklin County Municipal Court included a chronological case history and all supporting documentation. That case history reveals that appellant filed a Crim.R. 16 demand for discovery in the Westerville Mayor's Court requesting, inter alia, documents, reports, examinations and tests. See Crim.R. 16(B)(1)(c) and (d). The clerk of the Westerville Mayor's Court responded by letter which indicated the provision of discovery pursuant to appellant's request. The letter informed appellant that evidence in the possession of the Westerville Division of Police could be obtained by contacting that entity directly. The case history reveals no further correspondence between appellant and the prosecutor, and no correspondence between appellant and the Westerville Division of Police. The case history further reveals that appellant did not file a motion for discovery, pursuant to Crim.R. 16(A), certifying that a demand for discovery was made and discovery was not provided. After the case was transferred to municipal court, appellant filed the motion to suppress.
 {¶ 32} The record thus suggests, and the trial court apparently believed, that appellant failed to fully avail herself of out-of-court discovery (with whatever sanctions are available for noncompliance), opting instead to utilize her motion to suppress as an alternative means of conducting discovery. As the trial court noted, however, "[m]otions to suppress pursuant to Crim.R. 12 are not and should not be considered viable alternatives to criminal discovery pursuant to Crim.R. 16." Statev. Marion (1992), 73 Ohio App.3d 752, 755. "In order to support a motion to suppress with particular facts that would put the state on notice of the areas to be challenged, a defendant must first complete due and diligent discovery on all issues that he or she intends to challenge in the motion to suppress." Neuhoff, at 506. The Neuhoff court further noted that "`[m]otions to suppress evidence under the Rules of Criminal Procedure are not to be made until after a defendant has discovered state's evidence he [or she] considers inadmissible at trial.'" (Emphasis sic.) Id. at 506-507, quoting Marion, supra.
 {¶ 33} For the foregoing reasons, we find that the trial court did not abuse its discretion in dismissing, without conducting an evidentiary hearing, the portion of appellant's motion to suppress related to the state's administration of the breathalyzer test. Accordingly, appellant's single assignment of error is overruled and the judgment of the Franklin County Municipal Court is hereby affirmed.
Judgment affirmed.
Klatt and Sadler, JJ., concur.
Christley, J., retired of the Eleventh Appellate District, assigned to active duty under the authority of Section 6(C), Article IV, Ohio Constitution.
[1] The court dismissed the charge of operating a vehicle while under the influence of alcohol.